THE STATE, Respondent, vs. PAINE LUMBER COMPANY, Appellant.

*January 10 — January 31, 1893.*

*Highways: Obstruction.*

· A strip of land dedicated to the public use as and for a street, but never in fact opened or used as such, is not a "highway" within the meaning of sec. 1326, R. S., prescribing a penalty for obstructing a highway.

APPEAL from the Circuit Court for *Winnebago* County. This action was brought to recover the penalty prescribed by sec. 1326, R. S., for obstructing a highway in the city of Oshkosh. Said section provides as follows: "Whoever shall obstruct any highway . . . shall forfeit for every such offense a sum not exceeding twenty-five dollars." The facts were undisputed. The alleged highway was a part of a street marked upon a plat of a part of the city of Oshkosh, which plat was duly executed, acknowledged, and recorded in 1859: The part of the street in question was never actually opened for travel, and at the time of the commencement of this action was, and for a long time prior thereto had been, fenced and occupied by defendant with piles of lumber and buildings. In July, 1890, the

The State vs. Paine Lumber Co.

common council of the city directed the city attorney to institute proceedings for the opening of this portion of the alleged street, and this action was thereupon instituted, in August, 1890. The action was tried by the court, findings of fact were made substantially as above stated, and as a conclusion of law it was found that plaintiff was entitled to judgment for the statutory penalty of $25, and costs. Judgment was rendered in accordance with the findings, and defendant appealed.

For the appellant there was a brief by *Felker, Stewart & Felker*, and oral argument by *C. W. Felker.* They argued, among other things, that sec. 1326, R. S., has no application to a street which has never been opened nor used as such. *State ex rel. Evans v. James*, 4 Wis. 408; *Wiley v. Brimfield*, 59 Ill. 306; *State v. Shinkle*, 40 Iowa, 131; Elliott, Roads & S. 1; Rapalje & L. Law Dict. 608; Worcester's Dict.

*H. I. Weed*, for the respondent, contended, *inter alia*, that no formal acceptance of a highway by the public authorities is necessary. *Pettibone v. Hamilton*, 40 Wis. 402; *Williams v. Smith*, 22 id. 594; *Weisbrod v. C. & N. W. R. Co.* 21 id. 602.

Winslow, J. The *locus in quo* was duly dedicated to the public use, as and for a street, in 1859, but was never in fact opened or used. The first question arising is, Was it a "highway," within the meaning of sec. 1326, R. S.? If it was not, this action cannot be maintained, because the fine can only be imposed for the obstruction of a "highway." This being a penal statute, its construction will be strict; that is, the court will not extend its terms beyond the plain meaning of the words used. What, then, is the plain meaning of the word "highway?" Does it mean a strip of land which the municipality has a right to open as a highway, but which in fact has never been open or ca-

The State vs. Paine Lumber Co.

pable of use by the public? We think this question must be answered in the negative. R. S., sec. 4971, subd. 5, provides as follows: " The word highway may be construed to include any *road* laid out by authority of the United States, the territory of Wisconsin, or of this state, or of any county," etc. It is defined by Webster as " a public road; a way open to all passengers;" and such is substantially the definition given in the other standard dictionaries. Such, also, is the natural signification of the word when used in ordinary speech.

In discussing this very question, under a similar statute in Iowa, the court of that state said: "Something more than the mere right to use land for the purpose of travel is necessary to constitute a highway. It must be traveled, or at least capable of use in that way, to make it a highway. Before this condition exists, the *right* to make a road exists; afterwards the road itself may be said to exist." *State v. Shinkle*, 40 Iowa, 131. This reasoning seems to us to be sound.

We therefore conclude that the *locus in quo* was not a " highway," within the meaning of this penal statute. Whether the term " highway " is to be thus construed when it occurs in other sections of the statute is not decided.

It was argued that the rights of the public had been lost by abandonment and nonuser. As we have decided that the action cannot be maintained under the section on which it was based, we cannot properly decide these questions, and do not do so.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.