## ST. LOUIS & S. F. R. CO. v. SMITH.

No. 2494.    Opinion Filed December 23, 1913.

(137 Pac. 714.)

1.    RAILROADS—Action for Killing Cattle—Duty to Fence—Question for Jury.  By statute (section 1389, Comp. Laws 1909, section 1435, Rev. Laws 1910) it is made the duty of railroad companies to fence their roads, except at public highways and station grounds, with a good and lawful fence.

2.    SAME.  Whether a certain place constitutes a part of the station grounds, or a public highway, where the railroad company is by statute exempt from maintaining a fence, is a question of fact for the jury trying the case.

3.    SAME—Killing of Animals—Sufficiency of Evidence.  The fact that the evidence may show that the cattle were killed at a railroad crossing, relatively near a station platform, is not sufficient proof that the killing occurred either at a public highway or a station grounds.

4.    DAMAGES—Killing of Cattle—Evidence of Value—Sufficiency.  The testimony examined and held sufficient to prove the market value of the animals killed and injured.

5.    HIGHWAYS—"Public Highway."  A "public highway," as distinguished from a private road, is one which is open to the travel of the public.  It is the right to travel upon it by all the world, and not the exercise of the right, which makes it a public highway.

(Syllabus by Sharp, C.)

*Error from County Court, McCurtain County;*
*T. J. Barnes, Judge.*

Action by T. W. Smith against the St. Louis & San Francisco Railroad Company.  From judgment for plaintiff, defendant brings error.  Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

Opinion by SHARP, C.  From a careful examination of the testimony, we fail to find any evidence of negligence on the part of the train crew in charge of the freight train that struck plain-

tiff's cows. On the other hand, it conclusively appears that, after the discovery of the animals on the track, it was impossible to stop the train in time to avoid the accident. *Atchison, T. & S. F. Ry. Co. v. Henderson,* 27 Okla. 560, 112 Pac. 986; *St. Louis & S. F. R. Co. v. Webb,* 36 Okla. 235, 128 Pac. 252.

However, in addition to the foregoing allegation of negligence, it was further charged that the railroad company had negligently and knowingly permitted its right of way fence to be down, and not in condition to turn stock, and thereby plaintiff's cows strayed upon the track, with the result that one was killed and another was injured. By the statute it is made the duty of every person or corporation owning or operating any railroad in this state to fence its right of way, except in public highways and station grounds, with a good and lawful fence. Comp. Laws 1909, sec. 1389 (Rev. Laws 1910, sec. 1435). Section 1390 (Rev. Laws 1910, sec. 1436) defines a lawful fence. Section 1392 (Rev. Laws 1910, sec. 1438) provides:

"Whenever any railroad corporation or the lessee, person, company or corporation operating any railroad, shall neglect to build and maintain such fence, as provided in this act, such railroad corporation, lessee, person, company or corporation operating the same shall be liable for all animals killed by reason of the failure to construct such fence."

The question, therefore, for our determination under this issue is: Was the accident committed at a public highway or a station grounds on defendant's line of road? It occurred at the little mill town of Duval, a flag station on defendant company's line of road in McCurtain county. At the station there was no depot, but, instead, a platform (presumably for the use of passengers in getting on or alighting from the trains). The crossing near which the accident occurred was a short distance west of the platform. West of this crossing some twenty or thirty yards, the railroad company had put in cattle guards. It appears that the right of way on either side of the crossing had been fenced, but that the fences had not been kept up, and were down at the time of the accident. At the point of crossing there were gates in the fence, which testimony shows to have been allowed to remain open. After installing the cattle guards, the

company had put up the right of way fence at the crossing on several occasions. It appears, from plaintiff's testimony, that this crossing, while the only one in that vicinity, was a private crossing to a nearby sawmill. On both sides of the track, were several piles of railroad ties, between the cattle guards and the dirt road crossing to the east. Whether or not the point of crossing was a public highway within the meaning of the statute, or whether the animals were struck at a place constituting the station grounds of defendant company, is not clear, as we shall presently see. A public highway, as distinguished from a private road, is one which is open to the travel of the public. It is the right to travel upon it by all the world, and not the exercise of the right, which makes it a public highway. *In re City of New York,* 135 N. Y. 253, 31 N. E. 1043, 31 Am. St. Rep. 825; *Shelby County Commissioners v. Castetter,* 7 Ind. App. 309, 33 N. E. 986, 34 N. E. 687; *Laufer v. Bridgeport Traction Co.,* 68 Conn. 475, 37 Atl. 379, 37 L. R. A. 533; *State v. Paine Lbr. Co.,* 84 Wis. 205, 54 N. W. 503; *Southern Kansas Ry. Co. v. Oklahoma City et al.,* 12 Okla. 82, 69 Pac. 1050. It seems that this roadway led through the little town to the south, past plaintiff's residence, but it does not appear from where, or that it was used by the public in general, pursuant to a lawful right, and we are left to infer its character further than as shown by the foregoing testimony.

Whether a certain point constitutes a part of the station grounds or a public highway crossing, where the company is exempt by statute from maintaining a fence, is usually a question of fact to be determined by the jury trying the case. *St. Louis & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136; Elliott on Railroads, sec. 1202. The fact that the crossing was the only one in the village did not necessarily make it a public crossing. There was testimony tending to show that it was a private crossing for the convenience of particular individuals, in which event it would be the duty of the railroad company to exercise reasonable care to see that its fences were kept up, and its gates closed, as was held in *St. Louis & S. F. R. Co. v. Williams,* 31 Okla. 450, 122 Pac. 152. As already noted, the testimony is confusing as

to the character of the place where the animals were struck, *i. e.,* whether at a place where defendant was required to erect and maintain a fence, or at either a public crossing or station grounds. While the accident occurred relatively near the station platform, and between the platform and certain cattle guards to the westward, yet it was outside of the switches, and at a point where the railroad company had maintained a fence inclosing its right of way; and at the crossing had caused gates to be erected in its fence, but which were down at the time of injury. The testimony was sufficient to give rise either to an inference in favor of plaintiff or one favorable to defendant, and is therefore concluded by the verdict of the jury.

It is urged that there is no competent evidence tending to prove the market value of the cattle struck by defendant company's train. We have read the entire testimony with care, and cannot agree with counsel. It was sufficiently shown that the market value of the cow killed, and the damages sustained to the one injured, exceeded the amount of the verdict. Some of the questions and answers were objectionable. The plaintiff was asked, after having first been qualified: "Q. What was she worth? A. She was worth $75 to me." This answer is particularly objected to, but it does not appear from the record that any objection to said answer was made at the time. The animal killed, as shown by the testimony, was a first-class Jersey milch cow, fresh and in good order; the animal injured was her half-sister. We think the testimony sufficient, within the rule announced in *Midland Valley R. Co. v. Ezell,* 36 Okla. 517, 129 Pac. 734; *Choctaw, O. & G. R. Co. v. Deperade,* 12 Okla. 367, 71 Pac. 629; *Filson v. Territory,* 11 Okla. 351, 67 Pac. 473; *Coyle v. Baum,* 3 Okla. 695, 41 Pac. 389.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.