[No. 27644. Department One. January 23, 1940.]

PETE LEINWEBER et al., Appellants, v. T. A. GALLAUGHER et al., Respondents.[1]

Lawrence H. Brown, for appellants.

F. L. Stotler, for respondents.

BLAKE, C. J.—Plaintiffs brought this action to establish the right to use a road across defendants' land. Plaintiffs own farm land in Whitman county contiguous to a farm, owned by defendants, across which the road in question runs. The complaint was couched

[1]Reported in 98 P. (2d. 311.

in double aspect: (1) a right by prescriptive user; (2) a right to a private way of necessity. The paragraph in which plaintiffs attempted to set up the latter right was, upon motion of defendants, stricken from the complaint. The cause proceeded to trial upon the theory of right acquired by prescription. The trial court took the view that the use of the road by plaintiffs, their predecessors in interest and others was permissive until plaintiffs themselves asserted a right by adverse user in the fall of 1938. A decree dismissing the action was accordingly entered. Plaintiffs appeal.

We are in full accord with the view taken by the trial court. The farm owned by appellants lies to the south and west of respondents'. Title to appellants' lands stems from two sources and was acquired by them in 1934 and 1936, respectively. The road in question extends from a county road on the north of respondents' farm not only across the latter, but across appellants' own land and across other farms to the south and west of theirs.

For forty years or more the road had been used more or less frequently as a short route to Colfax, not only by the appellants and their predecessors in interest, but by other farmers living to the south and west of appellants. Respondents and their predecessors in interest maintained gates at both ends of the road on their land. At one time, a dispute arising between the then owners of the respective farms, respondents' predecessors in interest kept the gates locked for a period of several years. And appellants' predecessors in interest at no time challenged their right to do so. On the contrary, there is direct evidence that appellants' predecessors in interest at all times recognized and expressly acknowledged that their right to cross the lands now owned by respondents was merely permissive in character.

About the year 1922, a petition was presented to the county commissioners for the establishment of the road as a county road for its entire length. The then owners of the lands now owned by the appellants joined in the petition. An owner of one of the farms across which the road ran "wanted damages," and so the project was abandoned. This objector, by the way, was also at one time the owner of the lands now owned by appellants. This conduct on the part of appellants' predecessors in interest is all incompatible with the claim of any right by adverse user. Of course, since then there has been a lapse of time in which a right by prescription might have arisen. But we find nothing in the record to indicate an attempt to initiate an adverse user until the fall of 1938, when this controversy had its inception. At that time, the appellants themselves barred the portion of the road across their own lands against the respondents. It seems to us that, by this very act, appellants admitted the permissive character of the use of the road in its entire length. Because with just as good grace could a prescriptive right be claimed by respondents across appellants' lands as by appellants across respondents'. Explaining his conduct in barring respondents from the use of the road across his land, Leinweber testified:

"I had a feeling Mr. Upshaw [Gallaugher's tenant] should come and ask *as I have always*. Expected him to come and ask me." (Italics ours.)

Of the character of user both by the appellants and their predecessors in interest, what was observed in *Schulenbarger v. Johnstone*, 64 Wash. 202, 116 Pac. 843, 35 L. R. A. (N. S.) 941, may well be said:

" . . . we see no more than the usual accommodation between neighbors that marked the settlement of the public domain. Until roads are lawfully established, as said by one of the witnesses, 'they [meaning

the public] must go somewhere,' and by common consent the pioneer settling in front of another has usually been willing that his neighbor should continue his way over the land occupied by him. To charge the owner with acquiescense, or to credit the user with an adverse intent, would put a penalty upon generosity, and consequently, . . . destroy all neighborhood accommodation."

Appellants urge that, if they have not established an easement by prescription, they are entitled to use the road as a private way of necessity. This contention is untenable.

In the first place there can be no private way of necessity over the land of a stranger. The basic element for the establishment of a private way of necessity—a common grantor, immediate or remote, of the lands owned by appellants and respondents— was not alleged. *Healy Lumber Co. v. Morris,* 33 Wash. 490, 74 Pac. 681, 99 Am. St. 964, 63 L. R. A. 820; *Schulenbarger v. Johnstone, supra.* From the evidence in this record, it is apparent that that element cannot be established.

In the second place, assuming, as alleged in the paragraph of their complaint which was stricken, appellants' farm is land-locked, they are not entitled to a private way of necessity without paying for it. Their remedy is by condemnation. Const., Art. I, § 16. This is not such an action. In order to avail themselves of that remedy, they must follow the procedure provided for in Rem. Rev. Stat. (Sup.), §§ 936-1, 936-2 [P. C. §§ 7658, 7659] (Laws of 1913, p. 412).

Judgment affirmed.

MILLARD, MAIN, ROBINSON, and SIMPSON, JJ., concur.