J. K. FRANKS and Eva D. Franks, husband and wife, Appellants,

v.

Helen L. TYLER et al., Appellees.

No. 46819.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 12, 1974.

Rehearing Denied Jan. 21, 1975.

Appeal from the District Court of Washington County; Arthur J. Boose, Judge.

Bassett, Stocker & Laughlin by Allan H. Stocker, Bartlesville, for appellants.

Garrison, Brown & Tice by Jim T. Tice, Thomas W. Brown, Bartlesville, for appellees.

BOX, Presiding Judge:

An appeal by plaintiffs from the trial court's granting of a permanent injunction, enjoining plaintiffs from trespassing upon defendants' section line property and the denying of plaintiffs' alternative petition to condemn part of the section line as a private road as a way of necessity to a tract of land purchased by plaintiffs in 1970.

Plaintiffs J. K. Franks and Eva D. Franks, own forty acres of land in Washington County one boundary of which adjoins the section line. This property is completely surrounded by a ranch owned by the defendants Helen L. Tyler and her children, under which the other defendants John Hughes and Dan Gallery by some agreement, the terms of which are unknown to the plaintiffs, are in possession. The plaintiffs have been denied access to their property along the road which follows the section line except by permission of the defendants who claim that to the extent that this way can be called a road that it is a private road across their land and subject to their control. The plaintiffs brought this action to enjoin the defendants from interfering with their access along the section line road alleging that this road was a public road or had become a public road. In the alternative they sought to condemn a way of necessity under 27 O.S.1971, § 6. After a trial to the court all relief was denied to the plaintiffs and the plaintiffs were enjoined from trespassing on the defendants' property. Plaintiffs took this appeal.

 Plaintiffs did not attempt to prove that any action had ever been taken by the county commissioner or others to open the section line road for public use but take the position that authorizing legislation created a public road along the section line without further action by county or other officials. Plaintiffs cite the Cherokee Allotment Agreement which provided, in part, that "public highways or roads . . . may be established along all section lines without any compensation being paid therefor . . ." (Act of July 1, 1902, Ch. 1375, § 37, 32 Stat. 716, 722) and Article 16, § 2 of the Oklahoma Constitution which provided that Oklahoma accepted all reservations for public highways made under act of Congress. However since shortly after statehood there have been procedures established for the opening of section line roads by county commissioners, provisions presently found in 69 O.S. 1971, §§ 628 and 646, and we think the question of whether official implementation of the legislation is necessary before there is a public road has been resolved in principle by Salyer v. Jackson, 105 Okl. 212, 232 P. 412. Though that case involved different authorizing provisions from the present one, the Oklahoma Supreme Court held that federal and state provisions merely granted to the state an easement for public roads along section lines which required action by the proper authorities to exercise the right of public use by opening the road, in the absence of which the beneficial use was abandoned and reverted to the abutting owners. We see no difference in the language of the authorizing legislation here which would require a different result and hold that such legislation is declaratory and requires implementation by the proper officials before there is a right of public use of the easement. No proof was made here of official action to open the

road. There was some evidence that at times the dirt road had been maintained with the use of county equipment at the instance of one commissioner. According to the Salyer case, supra, this does not constitute official action of the Board. We would be willing to presume an official opening of the road if it were a public road in fact. However the plaintiffs do not claim prescriptive use by the public and there was substantial evidence that the road, is and has been a private not a public road. The evidence was in sharp conflict as to the periods of time when the dirt road or trail along the section line had been maintained as a road at all and whether it had been used during those times as a private road by individuals or also by members of the public. We cannot reverse the trial court on findings of fact unless his decision is clearly erroneous. Board of County Commissioners of Tulsa County v. Lloyd, Okl., 322 P.2d 406. There was evidence, though disputed, which supports his determination that this road was never opened as a public road.

■■ After denying relief to the plaintiffs on the theory already discussed, the trial court then initiated condemnation proceedings pursuant to the plaintiffs' alternative prayer for such relief but abandoned this action and refused this relief when convinced by the defense attorneys that acquisition of a way of necessity by eminent domain under Article 2, § 23 of the Oklahoma Constitution and 27 O.S.1971, § 6 requires the same elements of proof of a way of necessity as does the common law easement by necessity. The common law easement by necessity was based upon the implication of a grant of an easement by the owner of the servient estate when necessity of access to the dominant estate required it. Such a theory requires proof of a common grantor at one time of the two properties since the creation of such an easement is based upon the presumed intent of the grantor to convey a way as well as the property. There is some authority that proof of a grant from the state does not satisfy this requirement. W. Burby, Real Property § 29 (3d ed. 1965).

In order to have a common law easement by necessity in Oklahoma a common grantor must be shown. Thomas v. Morgan, 240 P. 735, 113 Okl. 212. The parties here agree that there was no common grantor of the properties in this case. It was on this basis that the trial court denied condemnation proceedings. In this the trial court was in error.

■ This error was occasioned by equating the common law right of way of necessity where the plaintiff seeks to establish it through judicial relief by way of an injunction with the way of necessity by condemnation proceedings under the Constitution and statute. No consideration is paid if the court finds that an easement of necessity is to be implied in the original conveyance by the common grantor and establishes a way and issues an injunction against interference with that right of way by the owner of the servient estate. However, fair compensation is required if a right of way by necessity is condemned under the Constitution and statute. If the same right of way requirements must be shown when condemnation is sought as when seeking traditional judicial relief, the constitutional and statutory provisions authorizing condemnation would serve no purpose since who would invoke the eminent domain procedure to acquire and pay for a right of way of necessity if he could acquire the same right of way free (except for the expenses of litigation) by seeking the traditional judicial relief. Consequently, though there is some authority to the contrary, generally such constitutional and statutory provisions have been construed as authorizing a right of way of necessity even though the requirements are not met for the common law way of necessity by implied grant. A hornbook on property law states the proposition in this manner:

"Statutes have been passed in a number of states authorizing condemnation proceedings as a means by which to obtain a right of way. However, the en-

actment of such a statute does not impair the common law right to obtain a right of way of necessity. Resort may be had to condemnation in situations where such a common law right does not exist." W. Burby, Real Property § 29 at p. 76 (3d ed. 1965).

The Oklahoma cases cited by defendants for the proposition that a private right of way of necessity may be established only where there was a common owner of the dominant and servient estates are all cases where the plaintiffs sought to establish the way of necessity by seeking traditional injunctive relief. Thomas v. Morgan, 113 Okl. 212, 240 P. 735; Haas v. Brannon, 99 Okl. 94, 225 P. 931; Dudley v. Meggs, 54 Okl. 65, 153 P. 1121. In none of these cases did the plaintiffs invoke condemnation procedures. Nor is the case of French v. Ayres, 201 Okl. 494, 207 P.2d 308 at all inconsistent with what we decide here. That case holds that a pipeline company may only condemn an easement, not a fee as a railroad does, even though it is authorized to condemn property "in like manner as railroads." The same phrase is used in 27 O.S.1971, § 6, "Any private person . . . shall have power to exercise the right of eminent domain in like manner as railroad companies for private ways of necessity . . . ." and defendants maintain that the Ayres case requires an interpretation of that phrase in this case to mean that only the procedure for condemnation by railroads is adopted in such provisions, as the Supreme Court said in Ayres, not the right which the plaintiff must assert to invoke eminent domain. But the question in the case at bar is not what "in like manner as railroad companies" means but what is meant by "private way of necessity" in the statute and in the Constitutional provision. That question was not before the Supreme Court in the Ayres case since an entirely different condemnation statute was there involved.

We do not find any case in which the Oklahoma Supreme Court has interpreted the Constitutional provision and eminent domain statute under consideration here and so we have relied upon cases in other jurisdictions which have construed similarly worded constitutional provisions and statutes. In State ex rel. Mountain Timber Co. v. Superior Court, 77 Wash. 585, 137 P. 994 (1914) the Washington Supreme Court held that a "private way of necessity" as used in the Washington constitutional provision on taking property for private use was not limited to its common law meaning. Leinweber v. Gallaugher, 2 Wash.2d 388, 98 P.2d 311 (1940) expressly holds that a plaintiff may condemn a private way of necessity under the Washington provisions if he is "landlocked" even though he cannot establish a common law way of necessity because there was no common grantor. Other cases construing similar provisions in the same manner are: Tomten v. Thomas, 125 Mont. 159, 232 P. 2d 723 (1951 and Cienega Cattle Co. v. Atkins, 59 Ariz. 287, 126 P.2d 481 (1942).

The right to condemn a way of necessity under constitutional and statutory provisions is an expression of public policy against landlocking property and rendering it useless. Hellberg v. Coffin Sheep Co., 66 Wash.2d 664, 404 P.2d 770 (1965). Such a policy should not and does not depend upon whether there was ever a common owner of the dominant and servient estates. We think that Article 2, Section 23 of the Oklahoma Constitution and 27 O.S.1971, § 6 should be interpreted in the same manner as the Washington and Arizona provisions.

Defendants concede in brief that the injunction in their favor against trespassing by the plaintiffs should be vacated "if the trial court is reversed, either on the question of whether the section line is a public road or on the question of Appellants' right to condemn." The trial court will therefore vacate this injunction upon remand.

Affirmed in part, reversed in part for further proceedings consistent with this opinion.

Affirmed in part, reversed in part.

ROMANG, J., concurs.