W. B. OLDFIELD, and Frances Oldfield, Appellees,

v.

R. L. DONELSON, Jr., and Fannie Donelson, Appellants.

No. 46949.

Supreme Court of Oklahoma.

May 31, 1977.

Matthew J. Kane, Matthew Kane, Jr., Pawhuska, for appellees.

Robert P. Kelly, Bruce W. Gambill, Pawhuska, for appellants.

DAVISON, Justice.

On Monday, November 13, 1972, the Board of County Commissioners of Osage County adopted a resolution opening the south half of the section line between sections 28 and 29 in Township 26 North and Range 5 East in Osage County, as a county section line road. In opening the road, the Board of Commissioners declared that the road was necessary and that the road shall be built and maintained by the parties concerned. The parties concerned were W. B. and Frances Oldfield, who requested that the section line be declared a part of the county road system so that they could obtain access to the Northwest quarter of section 28, which they had recently acquired and which was landlocked.

The section line designated in the resolution dissected the land of Appellants, R. L. and Fannie Donelson, the owners of the Southeast quarter of section 29 and the Southwest quarter of section 28. The southern boundary of both sections 28 and 29 runs parallel to U.S. Highway 60. A fence had been constructed by the Donelsons along the southern boundary of their land, with a gate located at or almost at the location of the section line, declared to be part of the county road system. In attempting to survey the land and make preparations to construct the road along the designated section line, the Oldfields encountered difficulty in obtaining access to the section line, as the Donelsons kept the gate on the south boundary of the section line locked.

Being unable to obtain satisfactory relief, the Oldfields brought an action in the District Court of Osage County seeking injunctive relief against the Donelson's interference with the construction and use of a road along the section line. At the conclusion of trial, the District Court granted injunctive relief, permanently enjoining the Donelsons from interfering with the Oldfields' surveying and improving of the public road along the section line. The District Court specifically enjoined the Donelsons from placing a lock upon the gate at or near the section line.

Appellants Donelson appeal from the order of the District Court raising the following objections:

1. The court erred in holding that the section line involved was a public road, as the resolution of the Board of County Commissioners is a nullity insofar as it purports to create a public road.

2. Under the scheme established by the Oklahoma Statutes, section lines become public roads only when governing authorities construct and maintain such as a part of the public road system.

3. You cannot have a public road for the use of one individual.

■ Sections 629 and 1201 of Title 69 [1] provide that County Commissioners shall, at the time of establishing a public road, make an order fixing the width of the road—the resolution in question however, did not establish the width of the road to be constructed along the section line. Appellants Donelson assert that by reason of the Board's failure to designate the width of the road, the resolution opening the section line is a nullity. We do not agree.

1. 69 O.S. § 629 provides:
   "The Board of County Commissioners shall at the time of establishing public roads make an order fixing the width thereof and definitely describing such roads."

69 O.S. § 1201 provides:
   "All section lines in the State are hereby declared public highways. The width thereof shall be as set by the appropriate authority."

The Osage Allotment Act of 1906, 34 United Statutes at Large, Sess. I, Ch. 3572, Section 10, provides:

> "That public highways or roads, two rods in width, *being one rod on each side of all section lines,* in the Osage Indian Reservation, may be established without any compensation therefor." [Emphasis added].

In Article 16, Section 2, of the Constitution of Oklahoma, the State of Oklahoma accepted all reservations of land for public highways, including those under the Osage Allotment Act.[2] Because the resolution made no provision for the acquisition of land which had not already been granted to the State, we hold that the Board of Commissioners intended that only the easement, which existed by virtue of the Osage Allotment Act and Article 16, Sec. 2, of the Oklahoma Constitution, was to be used for the newly created section line road. In so ruling, we hold that when a resolution creating a county section line road does not specifically designate the width of the road, the width of the road shall be the width of the existing easement, in this case, two rods, created by grant and accepted by the State by virtue of Article 16, Section 2, of the Oklahoma Constitution.

■ Appellants Donelson next contend that because the section line road would almost be exclusively used by the Oldfields and guests of the Oldfields, the road does not constitute a public road, for there cannot be a public road for the use of one individual. This Court's holding in *St. Louis & S. F. Ry. Co. v. Smith,* 41 Okl. 163, 137 P. 714 (1913), answers the objection. In that case, we held that a public road, as distinguished from a private road is one which is *open to* the travel of the public, and that *it is the right to travel upon the road by all the world, and not the exercise of the right which makes it a public highway.* In the case before us, the Board of County Commissioners by resolution opened the section line road as a public road, thereby giving all the world the right to travel upon it. The fact that few will exercise the right to travel on the road is immaterial.

■ Appellants Donelson also argue that under the scheme established by the Oklahoma Statutes, section lines become public roads only when governing authorities *construct and maintain* such as a part of the public road system. Under the provisions of 69 O.S.1971, § 601, the Boards of County Commissioners of various counties have *"exclusive jurisdiction"* over the *designation, construction, maintenance* and *repair* of all of the county highways and bridges.[3] When the Legislature vested the Boards of County Commissioners with "exclusive jurisdiction" over the designation, construction

---

2. Article 16, Section 2, of the Constitution of Oklahoma provides:

> "The State of Oklahoma hereby accepts all reservations and lands for public highways made under any grant, agreement, treaty, or act of Congress: Provided, This section shall not be construed to prejudice the vested rights of any tribe, allottee, or other person to any such land."

In *Mills v. Glasscock,* 26 Okl. 123, 110 P.2d 377 (1910), this Court held that the provisions of Article 16, Section 2, of the Constitution of Oklahoma constituted an acceptance of the Congressional Grant of highway lands granted in Section 10 of the Osage Allotment Act. We further held that the acceptance of that grant by the State became operative by virtue of the constitutional provision, and did not require additional legislation.

3. 69 O.S.1971 § 601 provides:

> "The County Highway System shall be composed of all public roads within any county, less any part of any road or roads which may be taken over as a State highway by the Commission. It shall be the duty of the Board of County Commissioners in each county to *construct and maintain* as county highways *those roads which best serve the most people of the county.* For this purpose the Board of County Commissioners is authorized to use any funds which are in the County Highway Fund, subject to statutory restrictions on the use of any of such funds, together with any money derived from any agreement entered into between the Commission and the Federal Government, any county or any citizen or group of citizens who have made donations for that purpose. *The Boards of County Commissioners of the various counties shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all of the county highways and bridges therein."* [Emphasis added]

and maintenance of county highways, the Legislature mandated that the Board of County Commissioners must exercise considerable official discretion in the exercise of their jurisdictional powers. This Court will not interfere with the exercise of such discretion except in rare cases.[4]

If the Board of County Commissioners of Osage County had appropriated funds to construct and maintain the road in question, a possible abuse of discretion might be present, for Boards of County Commissioners have a duty to construct and maintain as county highways *those roads which best serve the most people of the county.*[5] Although in building and maintaining county highways, the Boards must consider which highways will best serve the most people in the county, no such restriction is put upon the Board's designation of section lines as highways, where the highways are to be constructed and maintained by the citizens who will receive the most benefit from the road. There being no such restriction, we see no grounds upon which to hold that the Board abused its discretion in exercising its exclusive jurisdiction in designating the section line in question as a county road.

Lastly, we consider appellants' contention that the easement along the section line was abandoned. There being no evidence in the record that any official action was ever taken to abandon the road, and no evidence to demonstrate that the terrain was so impassible as to give rise to a presumption of abandonment, we dismiss appellants' argument. Indeed, the record indicates that the land in question was uncommonly level. The fact that a small bridge will have to be constructed to cross a ditch does not make the terrain impassible.

Having found that the resolution adopted by the Board of Commissioners effectively designated the section line in question as a county road, and finding that the Commissioners acted within their authority and did not abuse their discretion in opening the road and designating that the interested parties would construct and maintain the road, we hold that the Oldfields had a right to proceed with construction, and that the trial court did not exceed its powers in enjoining the Donelsons from interfering with the construction and maintenance of the road. Accordingly, we affirm the action of the trial court.

AFFIRMED.

All the Justices concur.

---

4. See, e. g., *Town of Chouteau v. Blankenship,* 194 Okl. 401, 152 P.2d 379 (1944); *Lutes v. Thompson,* 193 Okl. 331, 143 P.2d 135 (1943); and *Opinion of the Attorney General,* No. 69–146 (August 19, 1969).

5. 69 O.S.1971 § 601, supra.