ROADS, BRIDGES AND FERRIES
Boards of County Commissioners may use, for the purposes of constructing and maintaining county roads, funds from the County Highway Fund defined in 69 O.S. 1503 [69-1503] (1977) along with any money derived from an agreement entered into between the State Highway Commission and the Federal Government, any county or citizen or group of citizens who have made donations for the purpose of constructing and maintaining county roads and, whether the Board of County Commissioners would abuse their discretion in using public funds to construct and maintain a county road which serves only one residence is a fact issue which is not the proper subject for an Attorney General Opinion and, a Board of County Commissioners, may within their authority, open a section line and designate it as part of the county road system even though only one residence is served by it. The Attorney General is in receipt of your request for an Opinion in which you ask, in effect, the following questions: 1. What are county road funds? 2. Can the Board of County Commissioners use these funds to construct, repair or maintain a road to a single residence which is away from an established road or which is on a closed section line? 3. Can the Board of County Commissioners by resolution establish a new road or open a section line to a single residence, and designate it as part of the county road system? The Boards of County Commissioners derive their authority over the county road system from 69 O.S. 601 [69-601] (1971) which reads as follows: "The County Highway System shall be composed of all public roads within any county, less any part of any road or roads which may be taken over as a State highway by the Commission. It shall be the duty of the Board of County Commissioners in each county to construct and maintain as county highways those roads which best serve the most people of the county. For this purpose, the Board of County Commissioners is authorized to use any funds which are in the County Highway Fund, subject to statutory restrictions on the use of any of such funds, together with any money derived from any agreement entered into between the Commission and the Federal Government, any county or any citizen or group of citizens who have made donations for that purpose. The Boards of County Commissioners of the various counties shall have exclusive jurisdiction over the designation, construction, and maintenance and repair of all county highways and bridges therein. This statute expressly authorizes the Board of County Commissioners to use funds from the County Highway Fund for construction, maintenance and repair of all county highways and bridges. This fund consists of "all monies raised for use on the county highways in each county or apportioned to each county for road purposes, from any source, including all money and monies derived by law, levy, taxation or apportionment . . .". 69 O.S. 1503 [69-1503](a) (1977). In addition, the statute permits monies from the County Highway Fund to be used in connection with funds obtained by agreement entered into between the State Highway Commission and the Federal Government or with the county or citizen or group of citizens for the purposes of constructing, maintaining or repairing county roads. Thus, while there is no express definition of county road funds, 69 O.S. 601 [69-601] (1971) delineates the funds which may be used by the Board of County Commissioners for construction, maintenance or repair of county roads. In answer to your second question, 69 O.S. 601 [69-601] (1971) gives the Boards of County Commissioners exclusive jurisdiction over the designation, construction, maintenance and repair of all county highways. In doing so, the Boards of County Commissioners are given considerable discretion in the exercise of these powers. Oldfield v. Donelson, 565 P.2d 37,41 (Okl. 1977). However, this discretion is limited somewhat in the area of construction and maintenance, since under 69 O.S. 601 [69-601] (1971), the Boards of County Commissioners are required to "construct and maintain as county highways those roads which best serve the people of the county." Oldfield v. Donelson, supra. In the situation presented in question two, you ask whether public funds could be used to construct and maintain a road which would serve only one residence. The Supreme Court of Oklahoma in Oldfield v. Donelson, supra, indicated that the broad discretion of a Board of County Commissioners may be abused if public funds were used to construct and maintain a road which only served one residency. But this question involves decision of a factual issue and as such, is not a proper subject for an Attorney General Opinion. In answer to your third question, it should be noted that the same restriction on a Board of County Commissioners authority to use public funds to construct and maintain county highways does not apply to their power to open a section line and place it on the county roads system. Oldfield v. Donelson, supra. Where no public funds are being used to finance the construction and maintenance of a county highway, a Board of County Commissioners does not have to consider whether such designation of a road as a county highway would best serve most of the people of the county. In Oldfield v. Donelson, supra, the Supreme Court of the State of Oklahoma found that the Board of County Com missioners, involved therein, had authority to open up a section line which served only one residence and designate it as part of the county highway system where public funds would not be used to construct or maintain such a road. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) that Boards of County Commissioners may use, for the purposes of constructing and maintaining county roads, funds from the County Highway Fund defined in 69 O.S. 1503 [69-1503] (1977) along with any money derived from an agreement entered into between the State Highway Commission and the Federal Government, any county or citizen or group of citizens who have made donations for the purpose of constructing and maintaining county roads; (2) that whether the Board of County Commissioners would abuse their discretion in using public funds to construct and maintain a county road which serves only one residence is a fact issue which is not the proper subject for an Attorney General Opinion; and (3) that a Board of County Commissioners, may within their authority, open a section line and designate it as part of the county road system even though only one residence is served by it. (GLENN McLOUGHLIN) (ksg)