Albert M. CHILDRESS Sr. Trust, Appellant,

v.

Fred JORDAN, John E. Grigg, and Charles Wells, Individually and as the Board of County Commissioners of Osage County, State of Oklahoma, Appellees.

No. 53562.

Court of Appeals of Oklahoma, Division No. 1.

July 8, 1980.

As Corrected July 17, 1980.

Released for Publication by Order of Court of Appeals Aug. 7, 1980.

Geo. P. Striplin, Tulsa, for appellant.

Larry D. Stuart, Dist. Atty., by L. Wayne Woodyard, Asst. Dist. Atty., Pawhuska, for appellees.

BOX, Judge:

An appeal by the Albert M. Childress Sr. Trust, plaintiff in the trial court, from the denial of plaintiff's request for a permanent injunction against the opening of a county section line road.

On April 11, 1978, the Board of County Commissioners of Osage County passed a Resolution opening a section line on the South Half of Sections 17 and 18, Township 21 North, Range 12 East. No special notice was provided to any parties prior to the Resolution. The Resolution was passed at a regular session of the Board of County Commissioners of Osage County, at which time two commissioners were present. The Resolution states that the road is to be built and maintained by the parties concerned. The Resolution was passed pursuant to the request of Mr. Joe B. Teal, who stated that the reason for the request was a creek crossing to the north which would require a bridge. The section line in question has not been opened prior to the aforementioned Resolution. Testimony revealed that the section line, if opened, would run near houses and buildings on the Childress property in Section 18. Plaintiff filed a petition seeking a permanent injunction against the granting of the road in question.

After a hearing, and briefing by the concerned parties, the trial court denied plaintiff's petition for an injunction. Plaintiff appeals.

Plaintiff's contentions are that the Resolution by the county commissioners was void for lack of notice, and that the decision is not sustained and is clearly against the weight of the evidence and contrary to law.

■ Plaintiff acknowledges that county commissioners can open section lines on their own motion, citing 69 O.S. 1971, § 628, which provides in part that the opening of roads by motion of county commissioners be "either by amicable settlement or condemnation proceedings as provided by law." The record reveals that the Resolution was passed by a quorum of the Board at a regular session open to the public. It was not necessary to provide plaintiff with any special notice. The Legislature has vested the Board of County Commissioners with exclusive jurisdiction over designation of

county highways and their decision will not be interfered with except in rare cases. *Oldfield v. Donelson,* 565 P.2d 37 (1977).

Plaintiff, relying on this Court's opinion in *Frank v. Tyler,* Okl.App., 531 P.2d 1067 (1974), contends that by reason of the fact that the road was not opened within a reasonable time, same should be considered as abandoned. Subsequent to the *Franks* decision, the Supreme Court in the case of *Oldfield, supra,* stated at p. 40 as follows:

> The Osage Allotment Act of 1906, 34 United States at Large, Sess. I, Ch. 3572, Section 10, provides:
>
> > "That public highway or roads, two rods in width, *being one rod on each side of all section lines,* in the Osage Indian Reservation, may be established without any compensation therefor." [Emphasis added.]
>
> In Article 16, Section 2, of the Constitution of Oklahoma, *the State of Oklahoma accepted all reservations of land for public highways, including those under the Osage Allotment Act.* [Emphasis supplied by this Court.]

Also at p. 41 the Supreme Court addressed the question of abandonment as follows:

> Lastly, we consider appellants' contention that the easement along the section line was abandoned. There being no evidence in the record that any official action was ever taken to abandon the road, and no evidence to demonstrate that the terrain was so impassible as to give rise to a presumption of abandonment, we dismiss appellant's argument.

Our holding in the *Franks* case, being inconsistent with the ruling by the Supreme Court at p. 40, *supra,* is hereby expressly overruled.

From a review of the records we find that the County Commissioners acted within their authority in designating the section line as a county road, and requiring the interested parties to construct and maintain same. Thus we affirm. *Oldfield, supra.*

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.