Betty WEIS, Plaintiff Appellee,

v.

Don RENBARGER, Defendant Appellant.

No. 58374.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 30, 1983.

Released for Publication by Order of Court of Appeals Sept. 30, 1983.

John T. Cripps, Sallisaw, for plaintiff appellee.

Harry Scoufos, John Robert Montgomery, Sallisaw, for defendant appellant.

WILSON, Presiding Judge:

In this appeal, Don Renbarger challenges the trial court order granting plaintiff Betty Weis a temporary injunction. The order provided:

> * * * * the defendant is hereby enjoined and restrained from in any manner either by action or words, interfering with or molesting the plaintiff either personally or by his agents or employees at any place where the plaintiff may be; that said defendant shall be enjoined and restrained from in any manner interfering with the construction of a certain road along the section line running north and south between § 17 and § 18, Township 13 North, Range 23 East, Sequoyah County, State of Oklahoma, except that the defendant shall be allowed to place a wire gap (gate) across said road where his fence was at the time of the commencement of the construction of the road and that the plaintiff shall post a good and sufficient bond, with sufficient sureties thereon, in the sum of $25,000.00 as required by law for the benefit of the defendant.

Plaintiff Betty Weis's petition commencing this action asked to recover $50 damages to her vehicle, $20,000 for emotional distress and $100,000 exemplary damages. She alleged that on March 2, 1982 she was directing her employee in the construction of a road on the section line of property owned by defendant Renbarger. Weis asserted Renbarger threatened them, then threw rocks, clods of dirt and other missiles at them, causing them to retreat. She pled that an object thrown by Renbarger damaged her vehicle and that his actions placed her in fear. The petition asked that "this Court issue forthwith and at once its Order restraining the Defendant from harming, embarrassing or molesting the Plaintiff no matter where she may be,".

Without notice to Renbarger, the trial court entered a temporary restraining order which provided in part that Renbarger not interfere in the construction of the road. The order gave Renbarger the right to appear on a specific date and show cause why any part of the Order should be modified or vacated.

After the show cause hearing was held, the trial court entered the temporary injunction in issue. Evidence at the hearing revealed the section line road had never been opened. The property on both sides of the section line was owned by Renbarger and there was no cross fencing. The evidence also substantiated Weis's allegations about her confrontation with Renbarger.

A dispute existed between the parties concerning the right of Betty Weis to open and construct the road as well as the location of the section line. When and if the issues were raised and joined and a trial conducted, the court could resolve the dispute. *Oldfield v. Donelson,* 565 P.2d 37 (1977); *Childress v. Jordan,* 620 P.2d 470 (Okl.App.1980). However, these cases involved permanent, not temporary, injunctions. The parties' reliance on these cases as dispositive is misplaced.

The temporary injunction operated to allow Betty Weis to construct the disputed road. The issue of her right to construct the road was not raised by the pleadings. The question presented by this appeal is whether the trial court was within its authority in issuing the temporary injunction in Weis's damage suit prohibiting Renbarger from interfering in any way with her activities on the section line road.

■ A temporary injunction to restrain certain acts is authorized by 12 O.S.1981 § 1382. The purpose of a temporary injunction is to preserve the situation of the

parties in status quo until a final determination of the controversy. *State v. Gillam,* 188 Okl. 10, 105 P.2d 773 (1940). Its function is not to change the position of the parties. *Max and Tookah Campbell Co. v. T.G. & Y. Stores,* 623 P.2d 1064 (Okl.App. 1981).

In *Dusbabek v. Local Building & Loan Ass'n,* 178 Okl. 592, 63 P.2d 756 (1936), the court stated:

> The modern rule is well stated in the case of *Fredericks v. Huber,* 180 Pa. 572, 37 A. 90, 91, as follows: "Equity regards the substance, rather than the form, of things, and will not allow itself to be baffled by a wrongful change while its aid is being invoked. The modern cases, therefore, have established the rule that the status quo which will be preserved by preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly or secretly changed status, though he succeeded in making the change before the chancellor's hand actually reached him. The doctrine is not new, only its application in practice to meet the efforts of those who endeavor to be swifter than justice and the law."

*See, also* 42 Am.Jur.2d *Injunctions* § 13 and § 16.

The general rules have been stated as follows:

> § 9. Generally, if the issuance of a preliminary mandatory injunction would give the complainant all the relief which he could obtain upon final hearing, it should not be issued.

> § 22. The general rule * * * is that a preliminary or interlocutory injunction will not be issued to take possession of [real or personal] property out of the possession of one person and/or put it into the possession of another.

15 A.L.R.2d 213, at 247 and 264, "Mandatory Injunction Prior To Hearing of Case."

We conclude that the portion of the temporary injunction having the effect of allowing Betty Weis to open Don Renbarger's fence and enter upon the closed property to construct and use the disputed section line road was in error and is REVERSED. Otherwise, since the required bond was posted after a lapse of time making the temporary injunction operative, the restraining portion of the injunction is to remain in force and effect. The case is REMANDED for further proceedings in the trial court.

HOWARD and HUNTER, JJ., concur.