**MILJACK, INC. d/b/a Budget Rent–A–Car of Tulsa, and Fine Airport Parking, Inc., Appellees,**

v.

**The CITY OF TULSA, Oklahoma, and the Tulsa Airport Authority, Appellants.**

**No. 75620.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 11, 1992.

Rehearing Denied May 30, 1992.

Certiorari Denied Oct. 13, 1992.

J. Richard Studenny, Tulsa, for appellants.

Stan P. Doyle, James C. Thomas, Tulsa, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Miljack, Inc. d/b/a Budget Renta–A–Car of Tulsa and Fine Airport Parking, Inc. (Appellees), operate an off-airport parking lot for persons scheduled to fly out of Tulsa, Oklahoma. Customers using Appellees parking lot are transported to and from the airport in a courtesy vehicle. Appellees drive the courtesy vehicle via a road that accesses the airport where those customers are loaded or unloaded. These courtesy vehicles are properly licensed pursuant to state law. The City of Tulsa, through Tulsa Airport Authority (collectively Tulsa), own and operate the airport in Tulsa, Oklahoma. Appellees have no contractual arrangement with Tulsa Airport Authority nor the City of Tulsa.

In 1987, the City of Tulsa passed Ordinance 16822. The principal purpose of Ordinance 16822 was to fix a license fee for those who did not have a lease or concessional contract with the City of Tulsa or Tulsa Airport Authority. License fees were to be calculated on a per use of the highway basis, that is, the more use of the road to the airport, the higher the fee. The fee was assessed against Appellees.

Appellees filed an action against Tulsa alleging the "use fee" to be improper. Tulsa answered. Appellees filed a Motion for Summary Judgment. Tulsa responded and filed a Cross–Motion for Summary Judgment. The trial court sustained Appellee's Motion and denied Tulsa's Cross–Motion. Tulsa appealed in October, 1988. That appeal was dismissed as premature. However, in May, 1990, the trial court issued its final judgment. This appeal ensued.

Appellee asserted at the trial court level and reasserts here that Ordinance 16822 is invalid as it conflicts with 47 O.S.Supp.1985 § 1148. Section 1148 reads in pertinent part:

The local authorities of cities and towns of this state shall have no power to pass, enforce, or maintain any ordinances, rules or regulations requiring from any owner to whom this act is applicable any tax, fee, license, or permit for the free use of the public highways or excluding or prohibiting any vehicle registered in compliance with this act or the accessories used thereon from the free use of the public highways, and no ordinance, rule, or regulation in any way contrary to or inconsistent with the provisions of this act, now in force or hereafter enacted, shall have any force or effect....

The issue of whether an airport road, wholly within the airport boundaries, is a public highway or a private one has not been decided by the Oklahoma Courts. See *Ex parte Houston*, 93 Okl.Cr. 26, 224 P.2d 281 (1950). Tulsa contends that since the road was built with federal funds and not state or city taxes, it is not a public highway. Further, Tulsa asserts a public highway to be one that is "publicly maintained" and that the access road does not meet this definition as it is maintained by Tulsa Airport Authority in its proprietary capacity

and not its governmental capacity. We do not agree that these facts, if taken as true, preclude the access road from being a public highway. The road in question here was uncontrovertedly shown to be a road used by the general public. As such, 47 O.S.Sup.1985 § 1148 is applicable and Ordinance 16822 is invalid.

A highway has been defined in 47 O.S. 1981 § 1–122 as:

> The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

The term has also been interpreted by case law:

> A public highway, as distinguished from a private road, is one which is open to travel of the public. It is the right to travel upon it by all the world … which makes it a public highway.

*St. Louis & S.F. Ry. Co. v. Bragg,* 41 Okl. 163, 137 P. 714, 715 (1913). See *Oldfield v. Donelson,* 565 P.2d 37, 40 (Okl.1977). And, in *Southern Kansas Ry. Co. v. Oklahoma City,* 12 Okl. 82, 69 P. 1050, 1054 (1902) the Court adopted the following definition of "highway":

> The term "highway" is a generic name for all kinds of public ways, including county and township roads, streets and alleys [in cities], turnpikes and plank roads, railroads and tramways, bridges and ferries, canals and navigable rivers. In short, every public thoroughfare is a highway.

Whether acting in a propriety capacity or in its governmental capacity, the Tulsa Airport Authority is a public body in action. It maintains and operates the airport road as a public highway. The source of its funding is not the determinable fact. Summary judgment may be entered by the trial court when the record before the trial court presents no issue of material fact and one party is entitled to judgment as a matter of law. *Weldon v. Seminole Municipal Hospital,* 709 P.2d 1058 (Okl.1985). As the access road is a public one, Ordinance 16822 is violative of § 1148 and has no force and effect. Summary judgment for Appellees was proper.

AFFIRMED.

BAILEY, J., concurs.

ADAMS, J., dissents.

ADAMS, Judge, dissenting:

As I read 47 O.S.1981 § 1–122, the airport road is a "highway" only if it is both "publicly maintained" and "open to the use of the public for purposes of vehicular travel." Although I agree with the majority that the undisputed facts establish the second of these requirements, I cannot agree this record shows the road to be "publicly maintained."

When engaging in a private, proprietary enterprise a municipality conducts that enterprise as a private concern, and not in its governmental capacity. In so doing, its actions are governed "largely by the same rules applicable to individuals or private corporations engaged in the same business." *Fretz v. City of Edmond,* 66 Okl. 262, 168 P. 800 (1917). See also *City of Pawhuska v. Pawhuska Oil & Gas Co.,* 118 Okl. 201, 248 P. 336 (1926). This rule is not without limitation. For example, even when operating a public utility, a proprietary function, a municipality is bound by the debt limitations contained in Article 10, Sections 26 and 27 of the Oklahoma Constitution. See *Public Service Company v. City of Tulsa,* 174 Okl. 58, 50 P.2d 166 (1935) and *City of Pawhuska v. Pawhuska Oil & Gas Co.,* 118 Okl. 201, 248 P. at 338–339. However, in so doing, the municipality is not necessarily governed by statutory taxation and appropriation requirements. *City of McAlester v. State,* 195 Okl. 1, 154 P.2d 579 (1944). A municipality acts in its proprietary capacity in owning and operating an airport. *City of Blackwell v. Lee,* 178 Okl. 388, 62 P.2d 1219 (1936).

The majority apparently concludes the distinction between governmental and proprietary acts is insignificant in determining whether the airport road is "publicly maintained." My review of the law leads me to

conclude otherwise, and I respectfully dissent.