CHILDERS v. ARROWOOD
2023 OK 74
Case Number: 119815
Decided: 06/20/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 74, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

RORY CHILDERS and EMMY CHILDERS, husband and wife, Plaintiffs/Appellees,
v.
JAMES ARROWOOD and JENNIFER, ARROWOOD, husband and wife, Defendants/Appellants.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III
HONORABLE DOUGLAS W. GOLDEN, TRIAL JUDGE 

¶0 The Childers purchased property in Creek County which did not have access to utilities. The Childers sought a utility easement across the Arrowoods' property pursuant to 27 O.S. § 627 O.S. § 627 O.S. § 6

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
JUDGMENT OF TRIAL COURT AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS. 

Joseph V. Allen, LOEFFLER, ALLEN, & HAM, Sapulpa, Oklahoma for Plaintiffs/Appellees.

Harvey D. Ellis and Michael J. Gibbens, CROWE & DUNLEVY, a Professional Corporation, Oklahoma City and Tulsa, Oklahoma for Defendants/Appellants.

OPINION

ROWE, V.C.J.:

¶1 The issue presented is one of first-impression: What does "private ways of necessity" include, as provided in 27 O.S. § 6

BACKGROUND

¶2 Rory Childers and Emmy Childers, Plaintiffs/Appellees, (the "Childers") are the owners of real property located in Creek County Oklahoma (the "Childers Property"). James Arrowood and Jennifer Arrowood, Defendants/Appellants, (the "Arrowoods") are the owners of real property to the west of the Childers Property (the "Arrowood Property"). Prior to 2008 the Childers Property was land-locked. The Childers' predecessors-in-interest obtained an express easement over the Arrowoods' predecessors-in-interest's property "for roadway purposes only."

¶3 The Childers purchased their property in 2020 with hopes to build a home but were informed by local utility providers that no utilities were connected to their property and no utilities would be connected absent an easement expressly granting authority to install utilities. The Childers filed a condemnation proceeding against the Arrowoods seeking a utility easement. After granting the Childers' Motion for Appointment of Commissioners and Determination of Just Compensation, the trial court held a hearing to determine whether the express easement obtained by the Childers' predecessor-in-interest included the right to a utility easement. The trial court found the existing easement did not include a utility easement but granted the requested utility easement reasoning that a utility easement is a reasonable necessity for the Childers to utilize their property. COCA affirmed the trial court's ruling and we granted certiorari.

STANDARD OF REVIEW

¶4 The issue before us is a legal question: what does "private ways of necessity" include, as provided in 27 O.S. § 6de novo standard. Fanning v. Brown, 2004 OK 785 P.3d 841de novo review. Cole v. Josey, 2019 OK 39457 P.3d 1007De novo review involves a plenary, independent, and non-deferential examination of the issues presented. Benedetti v. Cimarex Energy Co., 2018 OK 21415 P.3d 43

DISCUSSION

¶5 The Childers seek to condemn the Arrowood Property to obtain a utility easement pursuant to the eminent domain power granted to private persons in 27 O.S. § 627 O.S. § 627 O.S. § 6

A. The Common Law Easement by Necessity and 27 O.S. § 6 Seek to 
Prevent Property From Being Land-locked and Rendered Useless.

¶6 The parties disagree as to the relationship between common law easements by necessity and 27 O.S. § 6Jones v Weiss, 1977 OK 188570 P.2d 94827 O.S. § 6

¶7 The two meaningful distinctions between the common law easement by necessity and the statutory way of necessity are: (a) the statutory way of necessity requires compensation to be paid to the owner of the burdened property, and (b) the common law easement by necessity requires there to have been unity of title between the benefited and burdened estates that were severed. What the common law easement by necessity and the statutory way of necessity share in common is their underlying purpose--to prevent property from being land-locked and rendered useless.

B. Neither a Showing of the Elements of a Common Law Easement by 
Necessity nor a Showing of a Public Purpose are Required by 27 O.S. § 6.

¶8 The Arrowoods request that we determine whether "private ways of necessity" pursuant to 27 O.S. § 627 O.S. § 6

¶9 The Arrowoods contend that absent a showing of the elements of a common law easement by necessity, 27 O.S. § 6Board of County Commissions of Muskogee County v. Lowery, 2006 OK 31136 P.3d 639Lowery, ¶ 9, n. 10, 136 P.3d at 645. Because Okla. Const. art. 2, § 23 and the Takings Clause of the Fifth Amendment of the United States Constitution prohibit the taking of property for a private purpose, the Arrowoods contend 27 O.S. § 6

¶10 In Lowery, Muskogee County initiated a condemnation proceeding pursuant to 27 O.S. § 5Lowery, ¶¶ 1-2, 136 P.3d at 642-43. The landowners argued that county's proposed taking was an unlawful taking of property for private use in violation of 27 O.S. § 527 O.S. § 5Id. ¶ 20, 136 P.3d at 652.

¶11 The Arrowoods' reliance on Lowery is misplaced. First, Okla. Const. art. 2, § 23 prohibits taking of property for a private purpose but specifically exempts "private ways of necessity."Lowery did not concern "private ways of necessity," rather it was a 27 O.S. § 5Lowery's facts and application of the law have no bearing on the analysis of the case before us. Section 6 concerns the taking of "private ways of necessity," which by definition is for a private purpose. It is illogical to require a public purpose for "private ways of necessity."27 O.S. § 6

C. "Private Ways of Necessity" as provided in 27 O.S. § 6 Include Access
to Utilities That Are Necessary for the Effective Use and Reasonable
Enjoyment of Property. 

¶12 The question of what "private ways of necessity" include is a matter of first impression and concerns the interpretation of 27 O.S. § 6

Any private person, firm or corporation shall have the power to exercise the right of eminent domain in like manner as railroad companies for private ways of necessity or for agriculture, mining or sanitary purposes.

The Arrowoods contend we should construe "private ways of necessity" to refer only to a passageway of ingress to and egress from land-locked property. Conversely, the Childers contend such a limited construction of "private ways of necessity" lacks support and numerous other jurisdictions have determined that utilities may be included within ways of necessity.

¶13 The Arrowoods rely upon two cases outside of this jurisdiction to support their interpretation. First, the Arrowoods cite Akin v. Four Corners Encampment, 179 P.3d 139 (Colo. App.2007). In Akin, the district court denied landowners, whose property contained a natural gas well, the ability to condemn a private way of necessity over neighbors' properties for a pipeline. The Colorado Court of Appeals affirmed the district court's ruling because Colorado's condemnation statute for private ways of necessity "[does] not authorize condemnation of an easement for a private way of necessity for the purpose sought by petitioners--to construct and maintain a natural gas pipeline and related connection equipment and facilities." Akin, 179 P.3d at 142 (Colo.App.2007). Second, the Arrowoods cite Brown v. McAnally, 644 P.2d 1153 (Wash. 1982). In Brown, the Washington State Supreme Court held that the state constitution and the condemnation statute for private ways of necessity declare a public policy against rendering land-locked property useless, such that "an owner or one entitled to the beneficial use of land-locked property may condemn a private way of necessity for ingress and egress in the ordinary sense of 'way,' i.e., a mere right of passage over land." Brown, 644 P.2d at 1158 (Wash. 1982).

¶14 State cases outside of this jurisdiction are not binding on this Court and will be treated only as persuasive authority.Akin and Brown are distinguishable from the present case. The landowners in Akin did not seek to construct private utilities that were necessary for the effective use and reasonable enjoyment of land. Rather, the landowners in Akin sought to construct a natural gas pipeline for commercial use. And in Brown the condemnation statute for private ways of necessity included a definition of the term "private ways of necessity"--which is not true of 27 O.S. § 6

¶15 To answer the question before us, we look to the text of 27 O.S. § 6Odom v. Penske Truck Leasing Co., 2018 OK 23415 P.3d 521Id. "Only where legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation employed." Id. ¶ 18, 415 P.3d 521Id. (citations omitted). In addition, we are guided by the general rule that "[c]onstitutional and statutory provisions relating to eminent domain must be strictly construed in favor of the landowner and against the condemning party." Carter v. City of Oklahoma City, 1993 OK 134862 P.2d 77

¶16 The statute does not define "private ways of necessity" nor have we interpreted its meaning. Reading the statute in its entirety, it appears the Legislature intended for 27 O.S. § 627 O.S. § 6

¶17 Further evidence of the Legislature's intention to expand "private ways of necessity" beyond ingress and egress is the Legislature's deliberate plural use of "ways." Had the Legislature used the singular "way" we would be more inclined to read the statute as allowing for a way of ingress and egress exclusively. However, the deliberate use of the plural "ways" indicates the Legislature intended for a private person to establish as many ways as are necessary for the effective use and reasonable enjoyment of property.

¶18 In light of the text, we agree with the trial court that "private ways of necessity" include access to utilities if such utilities are necessary to have effective use and reasonable enjoyment of property. What is necessary depends on the nature of the property.

¶19 Although the Childers Property is not physically land-locked due to the existing roadway easement acquired by the Childers' predecessors-in-interest, without access to utilities the Childers are nevertheless deprived of the effective use and reasonable enjoyment of their property. While 27 O.S. § 627 O.S. § 6

¶20 Lastly, we read 27 O.S. § 6i.e., the meaning of the statute's language is construed so that it does not contradict either itself or the constitution. Young v. Station 27, Inc., 2017 OK 68404 P.3d 829, with or without compensation," but expressly exempts "private ways of necessity" and "drains and ditches across lands of others for agricultural, mining, or sanitary purposes" from the public use requirement. Both Okla. Cost. art. 2, § 23 and 27 O.S. § 6

¶21 Left to be considered is whether the requested utility easement would place an undue burden on the Arrowood Property. Oklahoma law provides that the use made by the dominant estate must not unreasonably burden the servient estate. Burkhart v. Jacob, 1999 OK 11976 P.2d 1046

CONCLUSION

¶22 Title 27 O.S. § 6

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS OPINION VACATED;
JUDGMENT OF TRIAL COURT AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS. 

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Gurich, Darby, and Kuehn, JJ., concur.

Combs, J., concurs in result.

FOOTNOTES

27 O.S. § 6Jones v. Ransom, 2008 OK CIV APP 44184 P.3d 561 Jones v. Ransom, 2008 OK CIV APP 44184 P.3d 561

27 O.S. § 627 O.S. § 6

27 O.S. § 6

Id. ¶ 3.

Johnson v. Suttles, 2009 OK CIV APP 90227 P.3d 664 Id. citing Franks v. Tyler, 1974 OK CIV APP 55531 P.2d 1067

Jones v. Weiss, 1977 OK 188570 P.2d 948

Franks v. Tyler, 1974 OK CIV APP 55531 P.2d 106727 O.S. § 627 O.S. § 6Franks, ¶ 9, 531 P.2d at 1070 (citations omitted).

27 O.S. § 5

except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining, or sanitary purposes, in such manner as may be prescribed by law." (emphasis added). Okla. Const. art. 2, § 23.

public purposes." 27 O.S. § 5

Jones v. Ransom, 2008 OK CIV APP 44184 P.3d 561

Bishop v. Takata Corp., 2000 OK 7112 P.3d 459

Until recently, access for foot and vehicular traffic tended to be the only rights regarded as necessary for the enjoyment of surface possessory estates. However, the increasing dependence in recent years on electricity and telephone service, delivered through overland cables, justify the conclusion that implied servitudes by necessity will be recognized for those purposes. Whether access for other utilities and services has also become necessary to reasonable enjoyment of property depends on the nature and location of the property and normal land uses in the community. Restatement (Third) of Property (Servitudes) § 2.15 (2000).

Odom v. Penske Truck Leasing Co., 2018 OK 23415 P.3d 521