**SOUTHWESTERN GREYHOUND LINES,
Inc., v. RAILROAD COMMISSION
et al.
No. 9081.**

Court of Civil Appeals of Texas. Austin.
Dec. 31, 1940.

Rehearing Denied Jan. 29, 1941.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellant.

W. E. Lea, of Orange, R. A. Shivers, of Port Arthur, and Williams, Lee, Sears & Kennerly, of Houston, for appellee Sabine-Neches Stages, Inc.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis and Geo. W. Barcus, Asst. Attys. Gen., for appellee Railroad Commission.

McCLENDON, Chief Justice.

Suit by the Greyhound (Southwestern Greyhound Lines, Inc.) in the nature of an appeal from an order of the Commission (Railroad Commission of Texas) granting to the Sabine (Sabine-Neches Stages, Inc.) an intrastate certificate of convenience and necessity to operate bus lines between Deweyville and Houston over two routes, one via Orange and Port Arthur, and the other via Beaumont and Fannett. The certificate was mainly over projected but unconstructed highways. Meanwhile the certificate granted permission for temporary operation between the termini over an elaborate system of detours, in large measure consisting of undesignated county roads. The trial was to the court and the judgment denied recovery, thereby in effect upholding the certificate. The Greyhound has appealed.

The controlling question in the case is whether the Commission has jurisdiction to grant a certificate to operate over unconstructed projected highways.

The application was filed November 16, 1936, by the Sabine, a corporation, created ostensibly for the purpose of acquiring the certificate, with capital stock of $5,000, half of which was paid up ·in cash and the other half subscribed. This constituted its sole asset. Hearing was had on the application April 29 and June 7, 1938; and it was granted October 25, 1938. The routes over which the certificate was granted are thus delineated in the order: "Deweyville to Houston via Orange and Port Arthur over State highway No. 87 from Deweyville to Port Arthur and State highway No. 228 from Port Arthur to Houston. Deweyville to Stowell via Beaumont over State Highway No. 235 from Deweyville to Beaumont, and State Highway No. 125 from Beaumont to Stowell. On a schedule of two round trips daily. Detour route authorized until completion of State highways Nos. 87, 228. and 235 as follows:

"Deweyville to Orange over State highway No. 87; Orange to. Port· Arthur over Round Bunch Road to Port Arthur-Orange Bridge; thence over State highway No. 87 to Port Arthur; Port Arthur to Fannett over County roads; Fannett to Stowell over State highway No. 125; Stowell to Anahuac over State highways Nos. 125 and 61; Anahuac to Liberty over County roads; Liberty to Dayton over State highway No. 3; Dayton to Houston via Barbours Hill over State Highway No. 146 to Barbours Hill, thence over Barbours Hill-Crosby Road to Lynchburg Cut off, thence over Lynchburg Cut Off to Market Street into Houston. Deweyville to Beaumont via Vidor over County roads and State highway No. 3 from Vidor into Beaumont; Beaumont to Stowell via Fannett over State Highway No. 125."

The Commission made the following finding regarding the status of the projected highways over which the certificate was granted: "The Commission further finds from the evidence introduced at the hearing that new State highway No. 87 between Deweyville and Port Arthur, State highway No. 228 between Port Arthur and Houston and new State highway No. 235 between Deweyville and Beaumont are highways which have been designated by the State

Highway Department to be constructed, but all of such highways are not completed and open to traffic at the present time. That part of State highway No. 87 is under construction at the present time, and rights of way for such highways have already been acquired. Rights of way for State highway No. 228 between Port Arthur and Houston have been acquired in part along the route proposed but rights of way for such highway in Harris County have not yet been acquired."

Substantially the same situation existed with reference to projected highways 228 and 235 at the time of the trial in March, 1940.

The particular question thus presented is one of first impression in this state. Appellees advert to the case of North Texas Coach Co. v. Morten, Tex.Civ.App., 92 S. W.2d 263, 268. The sole issue in that case arose upon a plea in abatement predicated upon pendency of a former suit. The trial court sustained the plea and dismissed the suit. This court upheld the trial court in sustaining the plea, but reversed the judgment of dismissal, abated the suit, and remanded the cause to the trial court with instructions to retain the suit suspended upon the docket until the prior suit was determined, "and thereupon to proceed in accordance with the final result of that suit." The instant question was not even adverted to; and it only appeared incidentally that the certificate involved was in part over a highway not yet completed.

█ We have reached the conclusion that the "Motor Bus Act" (Art. 911a, Vernon's Ann.Civ.St.), which alone confers upon the Commission authority to regulate motor bus traffic, limits the jurisdiction of the Commission in granting original certificates, to highways actually constructed and open to public traffic.

Throughout the act "highway" and "public highway" are used without modification. In Sec. 1, "Public Highway" as used in the act is defined to mean "every street, road, or highway in this State." Many definitions of "highway" are given in the authorities according to the context, but generally the term is held to mean "a way open to all the people without distinction for passage and repassage at their pleasure." 29 C.J. p. 364. Art. 6771, R.C.S., defines "public roads" as "all public roads and highways that have been or may be laid out and established." The word "established"

could only mean in this connection completed and open to public travel. The Supreme Court of South Dakota in Allen v. Jones, 47 S.D. 603, 201 N.W. 353, 354, held that highway "does not mean a mere right of way upon which a road can be or is being constructed." To the same effect is the Wisconsin case of State v. Paine Lumber Co., 84 Wis. 205, 54 N.W. 503.

There is nothing in the act which intimates that the term "highway", as used therein, refers other than to those which have actually been constructed and are open to public use. On the contrary, the duties imposed upon the Commission in the exercise of its jurisdiction to grant certificates clearly contemplate the existence of constructed and open highways at the time the certificates are granted. For example, Sec. 7 of the act provides: "The Commission shall also ascertain and determine if a particular highway or highways designated in said application are of such type of construction or in such state of repair, or subject to such use as to permit of the use sought to be made by the applicant, without unreasonable interference with the use of such highway or highways by the general public for highway purposes."

These facts could not be ascertained as to non-existent highways. Yet this is a mandatory provision of the act.

█ Appellees refer to express authority of the act to grant temporary certificates to meet emergencies. The provision, which is the concluding paragraph of Sec. 7, Art. 911a, reads: "The Commission shall have the power and authority to grant temporary certificates to meet emergencies and shall have the power to make special rules and regulations to meet special conditions in different localities and for such time as in its judgment may be deemed expedient and best for the public welfare."

This provision clearly relates to situations which have suddenly arisen, are temporary in character, and urgent in immediate demand. The provision has no application here. The certificate was not requested nor granted under it.

█ It may be conceded that, within the general purposes of the act, the Commission is given broad administrative powers. But there is no expressed or implied purpose in the act to provide by certificates of convenience and necessity for transportation over non-existent highways, large portions of which have not even progressed to

the stage of an established survey route, and no right of way for which has been acquired or provided for. In the instant case, the trial was had over three years after the application was filed, and yet the situation regarding 228, forming a most important link in both routes, appeared not to be substantially improved. It was still without an established route, or acquired right of way.

■ There is no express power granted the Commission to deal with merely projected highways; and unless such power were essential to a proper exercise of its delegated functions, it cannot be inferred. The foresight which the Commission may employ in exercising its jurisdiction is a practical, reasonable one, and relates to situations which in all reasonable probability will arise in connection with existing highways, and not with those which are merely projected. As 'to these latter the prospective situations are problematical, conjectural, and lie wholly within the realm of speculation. The Commission's jurisdiction is limited, we think, to the highways that are in actual existence and open to public use at the time the certificates are granted.

■ The Greyhound operated a line of buses between Houston, Beaumont and Orange over State Highway No. 3 (U. S. No. 90); and another line between Orange and Port Arthur. Operation by the Sabine under the certificate would bring it in direct competition with the Greyhound between those points. Clearly the Greyhound was an interested party and could maintain the action, involving as it does the jurisdiction of the Commission to grant the certificate.

The trial court's judgment is reversed, the certificate is cancelled, and the cause is remanded to the trial court with instructions to grant to appellant such ancillary relief as it may show itself entitled to.

Reversed and remanded with instructions.

Upon Appellees' Motions for Rehearing.

■ It is urged in both motions that since portions of the route were over constructed highways, the entire certificate should not be cancelled; but only those portions of it covering unconstructed highways. We do not believe it is the function of the court thus to deal with applications for certificates of this nature. That, we believe, is the function of the Commission, charged by law with the administration of the statute. If the Sabine desires, it may apply to the Commission for a certificate to operate over the highways or portions thereof which are within the jurisdiction of the Commission. Our judgment is not a bar to such application.

Our views upon the other questions presented in the motions and supporting arguments are sufficiently expressed in our original opinion.

The motions are overruled.

Motions overruled.