NUECES COUNTY et al., Appellants,

v.

Dr. John D. KING et al., Appellees.

No. 13810.

Court of Appeals of Texas.

San Antonio.

Sept. 27, 1961.

Rehearing Overruled Oct. 25, 1961.

Franklin L. Smith, County Atty., C. Edwin Prichard, Jr., Asst. County Atty., Nueces County, Corpus Christi, for appellants.

Ellis M. Brown, Wm. H. Darden, Corpus Christi, for appellees.

POPE, Justice.

This is an appeal from an order which permanently enjoined Nueces County from selling a tract of land at public auction. The injunction was granted because the county ignored those parts of Article 1577 [1] which accord certain preference rights to persons adjoining abandoned right-of-way property. The county presents two points as grounds for ignoring the claimed preference rights to purchase and for dissolving the injunction. It urges that (1) Article 1577, as amended by the Fifty-Third Legislature, is partially unconstitutional because the caption of the statute does not embrace the portions of the bill which accorded preference rights, and (2) the trial court erred in going behind the enrolled bill and searching the legislative journals to vary the terms of the bill as enrolled. In our opinion, the county is right on both points, and the injunction must be dissolved.

Nueces County purchased certain lots in connection with a highway development.

1. "The Commissioners Court may, by an order to be entered on its minutes, appoint a Commissioner to sell and dispose of any real estate of the county at public auction, and notice of said public auction shall be advertised at least twenty (20) days before the day of sale, by the officer, by having the notice thereof published in the English language once a week for three (3) consecutive weeks preceding such sale in a newspaper in the county in which the real estate is located and in the county which owns the real estate, if they are not the same. The deed of such Commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded, shall be sufficient to convey to the purchasers all the right, title, and interest and estate which the county may have in and to the premises to be conveyed. *Provided, however, that where abandoned right-of-way property is no longer needed for highway or road purposes and the county decides to sell said right-of-way property, it shall be sold with the following priorities:* (1) *to abutting or adjoining landowners;* (2) to the original grantors, his heirs or assigns of the original tract from whence said right-of-way was conveyed; or (3) at public auction as provided above. Nothing contained in this Article shall authorize any Commissioners Court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law. As amended Acts 1949, 51st Leg., p. 904, ch. 485, § 1; Acts 1953, 53rd Leg., p. 447, ch. 133, § 1."

It did not use all of the property and it then advertised the unused portions for sale at public auction. Dr. John D. King and Frederick W. Mueller were adjoining owners to portions of the lots, and they claimed that Article 1577 gives them preference rights to purchase. Whether they have such rights turns upon the constitutionality of Article 1577, as amended. In our opinion, the caption of the enrolled bill was too restrictive to embrace those portions of the statute which granted the claimed preference rights. Art. 3, § 35, Texas Constitution Vernon's Ann.St. The caption of Article 1577 provided:

"An Act amending Article 1577, Revised Civil Statutes of Texas, 1925, providing the Commissioners Court may, by an order to be entered on its minutes, appoint a Commissioner to sell and dispose of any real estate of the county at public auction; providing for notice; providing that where right-of-way property is conveyed by the State to a county and the county decides to sell such property, it shall be sold with certain priorities of purchase; providing for a deed by such Commissioner to convey to the purchasers such real estate; providing nothing contained in this Article shall authorize any Commissioners Court to dispose of any lands given, donated or granted to such county for purpose of education; and declaring an emergency."

■ Those parts of the statute which authorized a sale at public auction, under which the county proceeded in this case, were embraced within the caption; but the portions which undertook to legislate about certain preference rights to buy lands were outside the caption. The caption limits preference rights to a sale of right-of-way property which "is conveyed by the State to a county." Admittedly, the property here involved was never conveyed by the state to the county. The body of the bill, however, contains no limitation. It would accord the preference right to all abandoned right-of-way property. Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966, states the rule, gives the reasons, and cites the authorities which declare that specified and restricted titles, as used in the caption of Article 1577, do not embrace subjects which the caption excludes.

■■ Appellees do not seriously dispute the fact that the caption is faulty. Instead, they urge that it is aided and cured by information found in the House and Senate Journals which were admitted in evidence over objection. For more than ninety years, Texas has followed the "enrolled bill rule". Central Railway Co. v. Hearne, 32 Tex. 546, 547, 562. Under that rule, it is conclusively presumed that a statute, as authenticated and deposited in the secretary of state's office, is precisely the same as was enacted by the legislators. In re Tipton, 28 Tex.App. 438, 13 S.W. 610, 8 L.R.A. 326. The journals are not more certain and reliable records of what occurred than the enrolled bill, and courts will not go behind the enrolled bill. City of Houston v. Allred, 123 Tex. 334, 71 S.W.2d 251, 257; Jackson v. Walker, 121 Tex. 303, 49 S.W.2d 693; Williams v. Taylor, 83 Tex. 667, 19 S.W. 156; Ellison v. Texas Liquor Control Board, Tex.Civ.App., 154 S.W.2d 322, 326. The court should have decided the issue without resort to the House and Senate Journals.

Resort to the outside sources showed that after the statute was voted upon and passed by the House of Representatives, a motion was made and carried that the caption of all bills passed on the local and uncontested calendar for that day should be amended to conform to the bodies of the bills. This was never done with respect to Art. 1577. If a blanket motion to correct captions is enough to cure faulty captions, and even to treat as done what in fact was never done, the object and purposes of Article 3, § 35, of the Texas Constitution are defeated. The exceptional case of Ex parte Copeland, Tex.Cr.App., 91 S.W.2d 700, is not applica-

ble. Legislative intent was there the point, and the absence of legislative intent to repeal certain statutes was apparent from the face of the enrolled bill.

Since the caption of amended Article 1577 limited preference rights to sales of right-of-way property which was conveyed by the State to a county, and since we may not go behind the enrolled bill to prove otherwise, the county correctly treated as unconstitutional the portions of Article 1577 which would have accorded preference rights to the appellees. The county properly proceeded with a sale at public auction. The sale should not have been enjoined, and the permanent injunction is therefore dissolved.