

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Don R. Stiles
Executive Director
Texas Adult Probation Commission
8100 Cameron Road
Suite 600, Building B
Austin, Texas    78753

Opinion No. JM-433

Re:  Validity of Senate Bill No.
454, Acts 1985, 69th Leg., which
added three members to the Texas
Adult Probation Commission

Dear Mr. Stiles:

You ask whether Senate Bill No. 454 [hereinafter S.B. No. 454] of the Sixty-ninth Legislature is a valid enactment.  S.B. No. 454 originated in and was passed by the Senate on April 22, 1985.  The version of S.B. No. 454 that was passed by the Senate contained a section which added three new members to the Texas Adult Probation Commission.  The House of Representatives received the bill from the Senate on April 23.  The bill was read for the first time and referred to the Committee on Law Enforcement on April 29th.  On May 13th, the committee reported the bill favorably with a complete committee substitute.  The committee substitute deleted the section of S.B. No. 454 which added three members to the Adult Probation Commission.

Subsequent events reveal confusion as to whether the House passed the version of S.B. No. 454 which passed the Senate or whether the House passed the committee substitute.  The back of the actual bill, which records the bill's passage through the legislature, reveals that, on May 13th, the committee reported the bill favorably with a complete committee substitute.  The House Journal reflects that this substitute was read and passed to third reading on May 22d.  See H.J. of Tex., 69th Leg., Reg. Sess. 3008-3009 (1985).  The back of the bill, however, shows that S.B. No. 454 was read a second time and passed to third reading without amendment on May 22d.  It also reveals that S.B. No. 454 was read a third time and finally passed, without amendment, on May 23rd.  The bill itself, as it was returned to the Senate, contained no House amendments.  The bill, which was without House amendments and provided for three new members for the Adult Probation Commission, was thereafter enrolled and signed by both the President of the Senate and the speaker of the House as required by article III, section 38, of the Texas Constitution.  Accordingly, we are called upon to determine whether S.B. No. 454 is a valid enactment of the Texas Legislature.  It is clear that

> [a] bill in either branch may be amended, but
> before the bill becomes a law the amendments must

have the sanction of both branches of the Legislature.

Ex parte May, 40 S.W.2d 811, 812 (Tex. Crim. App. 1931).

On the other hand, well-established rules govern the determination of whether a bill has obtained "the sanction of both branches of the Legislature." These rules include the "enrolled bill doctrine." The Texas Supreme Court explained the "enrolled bill doctrine" in Jackson v. Walker, 49 S.W.2d 693, 694 (Tex. 1932), as follows:

> The rule has long been established in this state that a duly authenticated, approved, and enrolled statute imports absolute verity and is conclusive; that the act was passed in every respect as designated by the Constitution; and that resort may not be had to the proclamation of the Governor and to the journals of the two houses to invalidate the law. This rule has been followed by the various courts of this state. (Extensive citations omitted). (Emphasis added).

Although the rule has received some criticism, see Beckendorff v. Harris-Galveston Coastal Subsidence District, 558 S.W.2d 75, 78-79 (Tex. Civ. App. - Houston [14th Dist.] 1977, writ ref'd n.r.e.), it continues to be applied consistently. See, e.g., Phelps v. State, 594 S.W.2d 434, 437 (Tex. Crim. App. 1980); Moore v. Edna Hospital District, 449 S.W.2d 508, 514-15 (Tex. Civ. App. - Corpus Christi 1969, writ ref'd n.r.e.).

In the instant case, the only indication that S.B. No. 454 might be invalid appears in the House Journal. The rule is clear that "[t]he journals are not more certain and reliable records of what occurred than the enrolled bill. . . ." Nueces County v. King, 350 S.W.2d 385, 387 (Tex. Civ. App. - San Antonio 1961, writ ref'd). Consequently, we conclude that S.B. No. 454, as enrolled, is valid.

## SUMMARY

By virtue of the "enrolled bill doctrine," Senate Bill No. 454, which adds three new members to the Texas Adult Probation Commission, is a valid enactment of the Sixty-ninth Legislature.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General