

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 23, 2006

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. GA-0471

Re: Whether a county that wishes to abandon a drainage easement or right-of-way should comply with Transportation Code section 251.058(b), Local Government Code section 263.002, or Local Government Code section 272.001 (RQ-0462-GA)

Dear Mr. Curry:

You ask whether a county that wishes to abandon a drainage easement or right-of-way should comply with Transportation Code section 251.058(b), Local Government Code section 263.002, or Local Government Code section 272.001.[1] Because two of these statutes provide specifically for the disposition of a county road or highway right-of-way, we assume the drainage easements or rights-of-way about which you ask are related to a road. We begin by laying out the three relevant statutes.

## I. Relevant Statutes

### A. Transportation Code section 251.058(b)

Transportation Code chapter 251 provides for "General County Authority Relating to Roads and Bridges." See generally TEX. TRANSP. CODE ANN. ch. 251 (Vernon 1999 & Supp. 2006). A county commissioners court may exercise general control over all roads and highways in the county. See id. § 251.016 (Vernon Supp. 2006). A "public road" is "[a] public road or highway that has been laid out and established according to law and that has not been discontinued." Id. § 251.002 (Vernon 1999); see also id. § 251.001(2) (defining "discontinue"). A commissioners court has express authority to abandon a public road by unanimous vote. Id. § 251.051(a)(1), (b)(1); see also id. § 251.057(a) (providing that a county road is abandoned when it is enclosed). The term "abandon" is defined as relinquishing "the public's right of way in and use of [a] road." Id. § 251.001(1). When a county abandons a public road, title to the real property reverts to the adjoining property owner under section 251.058(b):

---

[1]Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Mar. 6, 2006) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

> Title to a public road or portion of a public road that is . . . abandoned . . . to the center line of the road vests on the date the order is signed by the county judge in the owner of the property that abuts the portion of the road being . . . abandoned . . . . A copy of the order shall be filed in the deed records of the county and serves as the official instrument of conveyance from the county to the owner of the abutting property.

*Id.* § 251.058(b). In Attorney General Letter Opinion 94-053 this office construed section 251.058(b)'s statutory predecessor to "automatically vest[]" title to the abandoned road in the abutting property owner. Tex. Att'y Gen. LO-94-053, at 3–4.

## B.    Local Government Code section 263.002

Local Government Code section 263.002 is within chapter 263, subchapter A, which provides generally for the sale or lease of real property by counties. *See* TEX. LOC. GOV'T CODE ANN. ch. 263, subch. A (Vernon 2005). Section 263.002 authorizes a county to sell or lease abandoned seawall or highway right-of-way property:

> If abandoned seawall or highway right-of-way property is no longer needed for such a purpose, the county may sell or lease the property only according to the following priorities:
>
> > (1)  to an abutting or adjoining landowner;
> >
> > (2)  to the person who originally granted the right-of-way to the county or the grantor's heirs or assigns;
> >
> > (3)  exclusively for public use to the United States, this state, or a municipality within the municipal boundaries of which the property is located; or
> >
> > (4)  at public auction in accordance with Section 263.001.

*Id.* § 263.002(a); *see also id.* § 263.001(a)–(b) (authorizing a commissioners court to sell or lease county-owned real property at a public auction, conducted after appropriate notice has been published in a newspaper). *But see Nueces County v. King*, 350 S.W.2d 385, 387–88 (Tex. Civ. App.—San Antonio 1961, writ ref'd) (finding unconstitutional portions of this statute according priority to certain persons). Before a commissioners court may sell or lease property to an abutting or adjoining landowner or the original grantor under section 263.002, the commissioners court must publish notice and appoint an appraiser to determine the property's fair market value and fair lease value. *See* TEX. LOC. GOV'T CODE ANN. § 263.002(c) (Vernon 2005); *see also id.* § 263.001(b) (requiring a commissioners court to publish notice of a public auction to sell or lease county-owned

real property in a newspaper).  Then, before the county may accept an offer for the property, the commissioners court must determine that the offer is reasonable.  *Id.* § 263.002(d).

### C.   Local Government Code section 272.001

Finally, section 272.001(b) of the Local Government Code applies to the sale or exchange of certain types of real property:

> (1)  narrow strips of land, or land that because of its shape, lack of access to public roads, or small area cannot be used independently under its current zoning or under applicable subdivision or other development control ordinances;

> (2)  streets or alleys, owned in fee or used by easement; [or]

> . . .

> (5)  a real property interest conveyed to a governmental entity that has the power of eminent domain. . . .

*Id.* § 272.001(b)(1)–(2), (5).  A political subdivision, such as a county, may not sell or exchange these real property interests "for less than the fair market value . . . unless the conveyance, sale, or exchange is with one or more abutting property owners who own the underlying fee simple."  *Id.* § 272.001(b); *see also Jones v. Jefferson County Drainage Dist. No. 6*, 139 S.W.2d 861, 862 (Tex. Civ. App.—Beaumont 1940, writ ref'd) (referring to counties as political subdivisions of the state).

## II.    Analysis

You are uncertain which of the three statutes applies in particular circumstances:

> (1)  When a county no longer needs a drainage easement, and the owner of the property underlying the drainage easement desires the county to issue a release of easement to clear title, is the drainage easement considered a "portion of a public road" within the meaning of section 251.058(b) of the Texas Transportation Code, such that title automatically vests in the underlying fee owner upon the date the order of abandonment is signed by the county judge?

> (2)  If the drainage easement is not considered a "portion of a public road" within the meaning of section 251.058(b), then must the county sell the interest in addition to formally abandoning it in order for title to pass to the underlying fee owner?  If so, may the county sell the interest for less than fair market value to the underlying fee owner pursuant to section 272.001(b) of the Local

> Government Code, or must the county follow the notice, appraisal, and fair market value requirements of section 263.002(c) of the Local Government Code?
>
> (3)  If a county desires to abandon a right-of-way [in] which it owns an easement interest . . . , when must the county follow the notice, appraisal, and fair market value requirements of section 263.002 of the Local Government Code in order for title to pass rather than title passing automatically pursuant to section 251.058 of the Texas Transportation Code?

Request Letter, *supra* note 1, at 1–2. We assume, because you expressly cite section 272.001(b), that the property may be classified as a real property interest conveyed to a county. *Cf.* TEX. LOC. GOV'T CODE ANN. § 261.001(a) (Vernon 2005) (authorizing a county to "exercise the right of eminent domain to condemn and acquire land, an easement in land, or a right-of-way" in certain circumstances). And in responding to these questions, we note that a county commissioners court may exercise only those powers that the state constitution and statutes confer upon it, either explicitly or implicitly. *See* TEX. CONST. art. V, § 18(b) (providing that a county commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State"); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003).

## A.   First question

Your first question, whether a drainage easement is a portion of a public road of which a county automatically divests itself in accordance with section 251.058 of the Transportation Code, suggests that if the easement is within that section, neither section 263.002 nor section 272.001 of the Local Government Code applies. This suggestion is based on a 1994 attorney general letter opinion, 94-053, which concluded that, as between these three statutes, section 251.058 prevails with respect to the disposition of an abandoned county public road. *See* Request Letter, *supra* note 1, at 5; Tex. Att'y Gen. LO-94-053, at 4. We consider this question in two parts: first, whether the drainage easement is a "public road or portion of a public road" for purposes of section 251.058(b); and second, assuming that the first issue is answered affirmatively, whether section 251.058(b) applies rather than either of the other Local Government Code provisions. We reexamine Letter Opinion 94-053 in the second part.

### 1.   Whether the phrase "public road or portion of a public road" in Transportation Code section 251.058(b) encompasses drainage easements

Transportation Code section 251.058(b) expressly refers to a "public road or portion of a public road" and does not expressly refer to a drainage easement. TEX. TRANSP. CODE ANN. § 251.058(b) (Vernon 1999). Chapter 251's description of a public road is not helpful in resolving this issue, defining a public road circularly as "[a] public road . . . that has been laid out and established according to law and that has not been discontinued." *Id.* § 251.002. Texas case law

recognizes that a public road may incorporate more than a roadbed and that the grant of a right-of-way for roadway purposes "includes the attendant public purposes of transportation of persons and property, communication, and travel." *Harlingen Irrigation Dist. v. Caprock Commc'ns Corp.*, 49 S.W.3d 520, 527 (Tex. App.—Corpus Christi 2001, pet. denied). Roads thus encompass "the use of the subsurface for sewers, pipelines and other methods of transmission and communication that serve the public interest." *Hill Farm, Inc. v. Hill County*, 436 S.W.2d 320, 323 (Tex. 1969); *see also Grimes v. Corpus Christi Transmission Co.*, 829 S.W.2d 335, 337 (Tex. App.—Corpus Christi 1992, writ denied) ("Easements in [county roads] remain broad enough to allow [a county] to do the activities normally incident to maintaining those [roads]: laying sewer, gas and water pipelines.").

Courts appear to determine on a case-by-case basis whether a drainage easement serves a public road purpose and is therefore within a public road. *Compare Harris County Flood Control Dist. v. Shell Pipe Line Corp.*, 591 S.W.2d 798, 799 (Tex. 1979), *with Boucher v. Tex. Tpk. Auth.*, 317 S.W.2d 594, 597–98 (Tex. Civ. App.—Texarkana 1958, no writ) (quoting *State v. Hale*, 146 S.W.2d 731, 736 (Tex. 1941)). For example, the Texas Supreme Court determined in 1979 that enlarging a drainage ditch, located in a public road right-of-way but perpendicular to the roadbed, to serve drainage district purposes "is not a public purpose for which the road was dedicated." *Harris County Flood Control Dist.*, 591 S.W.2d at 799. The Court rejected the flood control district's claims that the ditch served a road and street purpose and that the ditch "is a mode of transportation in that it carries storm water runoff." *Id.* By contrast, in 1958 the Texarkana court of civil appeals approved the Texas Turnpike Authority's condemnation of perpetual drainage easements under a statute prohibiting the Turnpike Authority from condemning "any land except such as will be necessary for road and right-of-way purposes." *Boucher*, 317 S.W.2d at 596 (quoting former article 6674v, § 8, Revised Civil Statutes); *id.* at 598. The court stated that, at least in the case of the drainage easements the Turnpike Authority was seeking to condemn, "[d]rainage of surface waters affecting a road and right[-]of[-]way whether the flow of water be onto, alongside[,] or off of the project is not a secondary consideration in its construction[,] and provisions for efficient drainage is not additional to the normal, ordinary and usual uses to which land is put in road construction." *Id.* at 597. The court further cited the "drainage principle," previously articulated by the Texas Supreme Court in 1941 in a case that recognized the government's power to create "a servitude . . . on land not actually taken or occupied by [a] public highway, for the purpose of carrying off the water, the natural flow of which is changed or diverted by the construction of such highway." *Id.* at 598 (quoting *Hale*, 146 S.W.2d at 736).

It appears, therefore, that whether a particular drainage easement is part of a public road and subject to section 251.058(a) of the Transportation Code depends on the purpose the easement serves. Under the "drainage principle," a drainage easement that serves the purpose of carrying water, "the natural flow of which is changed or diverted by the construction of" the road, should be considered part of the bundle of rights the county acquires when it obtains a public road. *Id.* (quoting *Hale*, 146 S.W.2d at 736); *see also* TEX. TRANSP. CODE ANN. § 254.005(a)–(b) (Vernon 1999) (authorizing a commissioners court to construct ditches "on or within the exterior lines of a public road . . . [with] the capacity to carry off into a natural waterway all surface water reasonably adjacent that may collect in the ditch from natural causes"). On the other hand, a drainage easement that serves other purposes is not part of the public road. Whether in any particular case a drainage

easement is part of a public road for purposes of section 251.058(b) is a question of fact that cannot be resolved in the opinion process. *See also* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). Rather, the county commissioners court must determine the issue in the first instance.

**2.    Whether Transportation Code section 251.058 applies to a drainage easement rather than Local Government Code section 263.002 or 272.001; reexamining Letter Opinion 94-053**

While you believe Transportation Code section 251.058(b) prevails over the other two statutes with respect to the disposition of an abandoned "public road" as Letter Opinion 94-053 concludes, you request clarification of the letter opinion's observation that section 263.002 of the Local Government Code applies only to "highways." *See* Tex. Att'y Gen. LO-94-053, at 4; Request Letter, *supra* note 1, at 5–6. We thus reexamine the letter opinion here.

In the letter opinion, a county proposed to abandon a county public road. Tex. Att'y Gen. LO-94-053, at 3; *see* TEX. TRANSP. CODE ANN. § 251.051(b)(1) (Vernon 1999). Under the opinion, once the commissioners court unanimously voted to do so, "title to the portion of the road that abuts an owner's property, to the center line of the road, automatically vests in that owner" under Transportation Code section 251.058(b). Tex. Att'y Gen. LO-94-053, at 3–4; *see also* TEX. TRANSP. CODE ANN. § 251.058(b) (Vernon 1999). The county asked, however, whether either Local Government Code chapter 263 or 272 provides the county with a right to receive compensation from the abutting property owner. *See* Tex. Att'y Gen. LO-94-053, at 4. The opinion notes that section 263.002 did not appear to apply because it specifically provides for the sale of highway property and that the county roads at issue were not "highways for purposes of section 263.002." *Id.* at 4 n.4. And the opinion concludes that neither section 263.002 nor section 272.001 applies because section 251.058 "does not authorize a county to sell its interest in an abandoned road to an abutting land owner." *Id.* at 4. The conclusion appears to be based on a finding that section 251.058 controls as the more specific provision relating to abandoned county public roads. *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005) (stating that a special or local provision prevails over an irreconcilable general provision).

The letter opinion is incorrect insofar as it suggests that the term "highway" in Local Government Code section 263.002 is different from a public road that is subject to Transportation Code section 251.058(b). *See* Tex. Att'y Gen. LO-94-053, at 4 n.4. The term "highway right-of-way" used in section 263.002 is broad enough to encompass a county public road. *See* Request Letter, *supra* note 1, at 5–6. Although we find no statute, case law, or attorney general opinion that specifically construes the term "highway" for purposes of section 263.002 or its statutory predecessor, the term is "generally . . . held to mean 'a way open to all the people without distinction for passage and repassage at their pleasure.'" *S.W. Greyhound Lines, Inc. v. R.R. Comm'n*, 147 S.W.2d 318, 320 (Tex. Civ. App.—Austin 1940, no writ) (quoting 29 C.J. p. 364); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (directing a court to construe statutory words "according to . . . common usage"). And construing section 545.301 of the Transportation Code (which prohibits a motor-vehicle operator from leaving a vehicle "on the main traveled part of a

highway") in 1998, the Houston court of appeals indicated that the term "highway" does not exclude a county road unless relevant case law or statutes expressly exclude county public roads. *See Tex. Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 606–07(Tex. App.—Houston [14th Dist.] 1998, no pet.). We find no indication in section 263.002's plain language or in its legislative history suggesting that the legislature intended to exclude county public roads from the term "highway." The provision pertaining to abandoned right-of-way property was adopted in 1953 and originally read "Provided, however, that where abandoned right-of-way property is no longer needed for *highway or road purposes* and the county decides to sell said right-of-way property, it shall be sold with the following priorities . . . ." Act of May 5, 1953, 53d Leg., R.S., ch. 133, § 1, 1953 Tex. Gen. Laws 447, 447 (emphasis added); *cf.* Act of June 27, 1949, 51st Leg., R.S., ch. 485, § 1, 1949 Tex. Gen. Laws 904, 904–05 (amending the predecessor of section 263.002 but not containing the proviso). The phrase "highway or road," which would definitely include a county public road, was shortened to "highway" in 1973, when the legislature also amended the provision to insert references to a seawall. *See* Act of May 28, 1973, 63d Leg., R.S., ch. 499, § 1, 1973 Tex. Gen. Laws 1329, 1329–30. Written materials in the 1973 bill file do not indicate the legislature's intention in shortening the phrase "highway or road" to "highway." *See* HOUSE COMM. ON INTERGOVERNMENTAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 1455, 63d Leg., R.S. (1973). Because we find no clear evidence of a legislative intent to exclude county public roads from the term "highway," section 263.002 on its face applies to abandoned county public roads. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (directing a reader to construe statutory words consistently with common usage); *Greyhound Lines, Inc.*, 147 S.W.2d at 320 (quoting 29 C.J. p. 364) (defining the term "highway").

For the reasons given in section II.A.1 of this opinion, we believe the term "highway right-of-way" encompasses a drainage easement that serves the "attendant public purposes of transportation of persons and property, communication, and travel," as well as a drainage easement that carries water for road-related purposes. *Harlingen Irrigation Dist.*, 49 S.W.3d at 527; *see Boucher*, 317 S.W.2d at 598 (quoting *Hale*, 146 S.W.2d at 736). Thus, contrary to Letter Opinion 94-053, we conclude that section 263.002 appears to apply to the disposition of county public roads and their affiliated drainage easements (if the commissioners court has made the appropriate factual determinations).

Having determined that the term "highway right-of-way" in section 263.002 facially applies to public roads to which section 251.058 of the Transportation Code also applies, and assuming that the commissioners court has determined that the drainage easement is part of the public road, we must consider whether Letter Opinion 94-053 correctly determines that Transportation Code section 251.058 prevails over Local Government Code sections 263.002 and 272.001.

First, we compare sections 263.002 and 272.001 of the Local Government Code. This office, using a general-specific analysis, determined in 1969 that, as between the statutory predecessors of these two statutes, the statutory predecessor of section 263.002 prevailed. *See* Tex. Att'y Gen. Op. No. M-524 (1969) at 3–4. The opinion pointed out that section 272.001 "is a general law [that] pertains to the sale of land by *all political subdivisions of the State*." *Id.* at 3. Chapter 263, by contrast, is a special law that pertains to the sale or lease of property by counties only. *See id.*

Accordingly, the opinion determined that chapter 263 operates as an exception to the general requirements of section 272.001.[2] *Id.* at 3–4.

Next, we compare Transportation Code section 251.058 with Local Government Code section 272.001. Applying the statutory analysis employed in the 1969 opinion, we believe that Transportation Code section 251.058(b), which pertains specifically to abandoned public roads, operates as an exception to section 272.001.

We are left, then, to determine whether Transportation Code section 251.058 prevails over Local Government Code section 263.002. The general versus specific analysis employed in the 1969 opinion is not helpful in resolving whether section 251.058(b) prevails over section 263.002 because both statutes apply to the disposition of abandoned county public roads. But "if statutes . . . are irreconcilable, the statute latest in date of enactment prevails." TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 2005).

We have determined in this opinion that section 263.002 of the Local Government Code applies to the same roads that are subject to Transportation Code section 251.058 and other provisions of chapter 251. *See supra* pp. 6–7. Additionally, to be applicable, both section 263.002 and section 251.058 require that public roads be abandoned. *See* TEX. LOC. GOV'T CODE ANN. § 263.002(a) (Vernon 2005); TEX. TRANSP. CODE ANN. § 251.058(b) (Vernon 1999); *see also* TEX. TRANSP. CODE ANN. §§ 251.002, .051(a)(1), (b)(1) (Vernon 1999) (defining the term "public road" and setting out a commissioners court's general authority to open and close public roads). Under section 251.058(b) of the Transportation Code, once a county abandons a public road or portion of a public road, title automatically vests in the abutting property owners on the date the commissioners court signs the appropriate order, which procedure directly conflicts with the county's ability to sell the property in accordance with Local Government Code section 263.002(a). *Compare* TEX. TRANSP. CODE ANN. § 251.058(b) (Vernon 1999), *with* TEX. LOC. GOV'T CODE ANN. § 263.002(b) (Vernon 2005). Thus, for county easements that are public roads or portions thereof, Transportation Code section 251.058 and Local Government Code section 263.002 are irreconcilable. *Cf.* Tex. Att'y Gen. Op. No. GA-0411 (2006) at 2 (stating that statutes conflict irreconcilably if "it is impossible to comply with both provisions at the same time") (quoting Tex. Att'y Gen. Op. No. GA-0369 (2005) at 4).

Having found the two statutes irreconcilable, we look at the dates of enactment of each. The statutory predecessor to Transportation Code section 251.058 was adopted in 1989. *See* Act of May 25, 1989, 71st Leg., R.S., ch. 428, § 2, 1989 Tex. Gen. Laws 1574, 1574–75. The first reference to "highway or road purposes" in Local Government Code section 263.002's statutory predecessor was inserted in 1953. *See* Act of May 5, 1953, 53d Leg., R.S., ch. 133, § 1, 1953 Tex. Gen. Laws 447, 447. The phrase "highway right-of-way" was adopted in 1973. *See* Act of May 28, 1973, 63d Leg.,

---

[2]Attorney General Opinion M-524 was issued within months of section 272.001's original adoption. Its construction has not been overruled by a court or by a subsequent opinion of this office, and the legislature has not acted to supersede it. The opinion's construction may, therefore, be considered a "contemporaneous construction" that "is worthy of serious consideration as an aid to interpretation, particularly where such construction has been sanctioned by long acquiescence." *Stanford v. Butler*, 181 S.W.2d 269, 273 (Tex. 1944) (quoting 39 TEX. JUR. § 125).

R.S., ch. 499, § 1, 1973 Tex. Gen. Laws 1329, 1329–30. Section 251.058 of the Transportation Code, being the later enacted statute, thus prevails over section 263.002 of the Local Government Code.

In sum, to answer your first question, we conclude, assuming that the commissioners court has determined that the easement is included in the road, that title to the easement vests automatically upon abandonment in the abutting landowner in accordance with section 251.058(b) of the Transportation Code.

## B.   Second question

You next ask whether, if section 251.058(b) does not apply, the county must sell its interest in the drainage easement under either section 263.002(c) or section 272.001(b) of the Local Government Code "in addition to formally abandoning" the drainage easement. Request Letter, *supra* note 1, at 2. Section 251.058(b) would not apply if the drainage easement is determined not to be part of the public road. For the same reasons that the easement would not be part of the public road, it would not be part of a highway right-of-way that is subject to section 263.002 of the Local Government Code. In that event, the commissioners court would dispose of the easement under section 272.001 of the Local Government Code unless the county determines that a statute we have not considered here applies.

## C.   Third question

You ask finally whether a county that "desires to abandon a right-of-way to which it owns an easement interest [] . . . must . . . follow the notice, appraisal, and fair market value requirements of section 263.002 of the Local Government Code . . . rather than title passing automatically" under section 251.058 of the Transportation Code. *Id.* Because you specifically refer in this question to a right-of-way in which the county "owns an easement interest," we assume you use the term to refer generally to a right to access or pass over a tract of land.[3] *See id.; see also Tex. Elec. Ry. Co. v. Neale*, 252 S.W.2d 451, 454 (Tex. 1952) (noting that "[t]he term 'right of way' . . . sometimes is used to describe a right belonging to a party [to pass] . . . over any tract; and it is also used to describe that strip of land" on which a roadbed is constructed); *accord Lakeside Launches, Inc. v. Austin Yacht Club, Inc.*, 750 S.W.2d 868, 871 (Tex. App.—Austin 1988, writ denied). Also, because you do not refer to the right-of-way as a drainage easement, it does not appear that your third question relates to a drainage easement. *See* Request Letter, *supra* note 1, at 2.

The analysis we have already provided regarding whether a public road encompasses a drainage easement applies to the question of whether a right-of-way is "public road or portion of a public road" subject to disposition under section 251.058(b) of the Transportation Code. A right-of-way that serves the public purposes of transporting persons and property, communication, and travel must be disposed of in accordance with section 251.058(b), not section 263.002 of the Local

---

[3]We do not consider whether section 263.002 of the Local Government Code applies to an abandoned seawall or to a highway that the county owns in fee simple.

Government Code.  You do not inform us whether this right-of-way serves the public purposes of transportation of persons and property, communication, and travel, and this office, because it cannot resolve fact questions, cannot determine whether a particular right-of-way serves an appropriate public purpose.  *See* Tex. Att'y Gen. Op. No. GA-0334 (2005) at 1.  If the right-of-way does not serve the purposes of transportation, communication, and travel, it must be disposed of in accordance with section 272.001 unless the county finds that a statute not considered here applies.

## S U M M A R Y

For purposes of Transportation Code section 251.058(b), which automatically vests title to an abandoned public road in the abutting landowner, the phrase "public road" encompasses the roadway as well as (1) right-of-way that serves attendant public purposes of transportation of persons and property, communication, and travel, and (2) a drainage easement created to carry off water, the natural flow of which the roadway changed or diverted. Whether in a particular case a property interest is part of a public road for purposes of section 251.058(b) is a question of fact that must be resolved by the commissioners court in the first instance. Abandoned public road that is subject to Transportation Code section 251.058(b) may not be disposed of in accordance with section 263.002 or 272.001 of the Local Government Code.

Easements or rights-of-way that are not part of a public road under section 251.058(b) are likewise not highway rights-of-way that are subject to disposition under Local Government Code section 263.002. Such property interests must be disposed of under section 272.001 unless the county determines that a statute not considered here applies.

To the extent Letter Opinion 94-053 suggests that Local Government Code section 263.002 applies only to roads labeled as highways, not to county public roads generally, it is incorrect. *See* Tex. Att'y Gen. LO-94-053, at 4 n.4.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee